A07A1620. WAL-MART STORES, INC. v. LEE.
(659 SE2d 905)

PHIPPS, Judge.

Wal-Mart Stores, Inc. appeals from a judgment entered against it in this premises liability case brought by Katoria Lee. Wal-Mart Stores contends that the trial court erred in imposing sanctions

against it for evidence spoliation, in instructing the jury, and in admitting expert testimony and other evidence. Because no reversible error has been shown, we affirm.

At about 2:00 a.m. on March 8, 2001, as Lee was walking back to her vehicle after shopping in a Wal-Mart store in Riverdale, she was shot and her car was taken at gunpoint in the store parking lot. Lee begged for help from some men sitting in a car parked near where she had parked her vehicle; they looked at her and appeared to laugh. She ran back into the store and reported the incident to Wal-Mart employees, who immediately summoned police to the scene.

Lee sued Wal-Mart and one of her attackers. Wal-Mart denied liability, claiming that it could not have foreseen the criminal attack of third parties. The jury returned a verdict in Lee's favor, and judgment was entered thereupon. Wal-Mart appeals, enumerating four claims of error.[1]

1. Wal-Mart contends that the trial court erred in imposing sanctions upon it for spoliation of a videotape of the criminal incident.

A Wal-Mart unmonitored video camera recorded the criminal incident, and that night, store personnel turned over the videotape to the police department to aid its investigation of the crime. Among others, several police officers, Lee, and her mother, viewed the videotape. Lee and her mother testified as to the contents of the recording as follows: Before Lee arrived at the parking lot, the men who would perpetrate the crimes against Lee were sitting in a car parked in the parking lot. One of them got out of the car and walked toward a woman who had just left the Wal-Mart store. Based upon the woman's physical reaction, she appeared frightened or startled. She pulled her bag and purse tightly to her body. She quickened her pace and reached her car without being physically attacked. Once in her car, she drove very quickly out of the parking lot. The men remained in the parking lot. Lee arrived, parked in the parking lot, and walked into the store. After Lee exited the store, she was approached by a man who appeared to be the same man who had walked toward the previous female customer. Lee dropped her belongings and ran into the store; the man drove Lee's vehicle away.

About six weeks after the criminal incident was solved and the four perpetrators were prosecuted, an investigator with the district attorney's office hand-delivered the videotape to a Wal-Mart manager. Accepting the tape, the manager signed his name upon a

---

[1] Court of Appeals Rule 25 (c) (1) provides, "The sequence of arguments in the briefs shall follow the order of the enumeration of errors, and shall be numbered accordingly." However, Wal-Mart's claims of error are argued collectively and with the arguments intermingled. See further *Campbell v. Breedlove*, 244 Ga. App. 819, 821 (535 SE2d 308) (2000); *John Crane, Inc. v. Wommack*, 227 Ga. App. 538 (1) (489 SE2d 527) (1997).

document that was introduced into evidence. It showed (a) "Office of the District Attorney, Clayton Judicial Circuit, Property Receipt" as its title; (b) "1 — security tape from WalMart" as a "description of articles"; (c) the names of the four perpetrators of Lee's attack as "perp"; and (d) the manager's signature upon a "received by" line, which entry corresponded to a notation that the security tape was being returned to Wal-Mart on March 25, 2002.

After filing suit in March 2004, Lee learned that Wal-Mart had not preserved the recording. She moved for sanctions against Wal-Mart, alleging it had engaged in spoliation of evidence. Arguing that sanctions were not warranted, Wal-Mart asserted that the videotape had not been intentionally destroyed, but reused — and thus recorded-over — within the company's normal business procedures. It further asserted that no litigation had commenced at the time the recording was destroyed; that it had no legal duty to preserve it; that it had not acted in bad faith; that the manager who had acknowledged in writing receiving the videotape from the investigator had not known at the time about Lee's incident; and that the recording was not material to Lee's case.

After a hearing, the trial court determined that Wal-Mart's handling of the videotape amounted to spoliation of evidence and ordered the following: (a) the jury would accept as stipulated facts the recollections of Lee and her mother about the events that had been depicted on the videotape; (b) Wal-Mart would not be allowed to contradict their recollections or add cumulative evidence, but it would be allowed to explain their stated recollections; (c) Wal-Mart would not be precluded from calling an expert to interpret evidence established by Lee's and her mother's testimony, except as to what would contradict their testimony; (d) Wal-Mart would not be precluded from calling an expert to testify as to what security measures, if any, should have been taken, except as to what would contradict Lee's and her mother's testimony; and (e) the jury would be charged that the spoliation of evidence creates a rebuttable presumption that the evidence lost would have been harmful to the spoliator. The trial proceeded accordingly.

On appeal, Wal-Mart contends that the trial court improperly sanctioned it for spoliation of evidence in light of OCGA § 24-4-22, which provides:

> If a party has evidence in his power and within his reach by which he may repel a claim or charge against him but omits to produce it, or if he has more certain and satisfactory evidence in his power but relies on that which is of a weaker

and inferior nature, a presumption arises that the charge or claim against him is well founded; *but this presumption may be rebutted.*[2]

Wal-Mart argues that precluding it from introducing evidence to rebut Lee's and her mother's testimony violated that Code section, particularly the part italicized above. At trial, Wal-Mart's attorney proffered that a police officer who had reviewed the videotape would have testified that she had seen on the tape no suspicious activity prior to the attack upon Lee.

Notwithstanding OCGA § 24-4-22,

> [t]rial courts have the power to control the behavior of litigants before them to maintain the integrity of the judicial process, and this power includes the discretion to fashion appropriate remedies for the spoliation of evidence. Spoliation refers to the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation.[3]

In determining whether to impose sanctions for evidence spoliation, trial courts routinely and necessarily make factual findings about the following relevant factors: "whether spoliation occurred, whether the spoliator acted in bad faith, the importance of the compromised evidence, and so on."[4]

In its order imposing sanctions against Wal-Mart, the trial court stated:

> Although [Lee] had not yet filed suit at the time the videotape was destroyed, Wal-Mart was aware, or should have been aware, that [she] was contemplating a lawsuit. [Lee's] former counsel had written to Wal-Mart's CEO on May 3, 2001 about the shooting in an attempt to settle and "avoid costly litigation." Wal-Mart apparently chose to treat the letter as a request for payment of medical expenses and subsequently denied liability for such expenses. Despite Wal-Mart's apparent "misinterpretation" of the May 3 letter, it is clear that [Lee] was contemplating litigation. Wal-Mart destroyed or failed to preserve the videotape, which would have been evidence for the contemplated litigation. . . .

---

[2] (Emphasis supplied.)

[3] *Bouvé & Mohr, LLC v. Banks,* 274 Ga. App. 758, 762 (1) (618 SE2d 650) (2005) (punctuation and footnotes omitted).

[4] Id. (footnote omitted); *R. A. Siegel Co. v. Bowen,* 246 Ga. App. 177, 180 (2) (539 SE2d 873) (2000).

[S]uch behavior constitutes spoliation. . . . It is doubtful that the videotape would have been destroyed if it had depicted events helpful to Wal-Mart in future litigation. The Court finds that the threat of a lawsuit is enough to put a party on notice that potentially relevant evidence should be preserved; a lawsuit does not have to be pending at the time evidence is destroyed in order for there to be a finding of spoliation of evidence. Wal-Mart's [OCGA § 9-11-]30 (b) (6) representative . . . testified at her deposition that the normal policy for retaining documents and materials relating to claims is seven years. Clearly, Wal-Mart did not follow its own policy in this case. . . . [T]he Court finds that [Lee] was prejudiced by the destruction of the videotape. The videotape showed the timeline of events leading up to the attack on [Lee], and may have been used to show imminent foreseeability on the part of Wal-Mart, inasmuch as it showed that [Lee's] attackers had attempted an attack on another patron of Wal-Mart approximately twenty minutes prior to the attack on [Lee]. [Cit.] Next, the Court finds that the prejudice to [Lee] cannot be cured; there is no way to recreate the video that Wal-Mart destroyed. Further, the court finds that the practical importance of the evidence depicted on the videotape could have been great. Rather than listening to various witnesses attempt to recollect on the stand events that took place in 2001, the jury would have been able to watch them exactly as they happened. Last, the Court will not go so far as to say that Wal-Mart acted in bad faith, based on the evidence presented, but the Court does find it disturbing that the videotape in question was destroyed.

To remedy the prejudice resulting from evidence spoliation, a trial court is authorized to "(1) charge the jury that spoliation of evidence creates the rebuttable presumption that the evidence would have been harmful to the spoliator; (2) dismiss the case; or (3) exclude testimony about the evidence."[5] This is not an exhaustive list of sanctions a trial court may impose; rather, "the trial court has wide latitude to fashion sanctions on a case-by-case basis, considering what is appropriate and fair under the circumstances."[6] And this

---

[5] *R. A. Siegel Co.*, supra; see *Chapman v. Auto Owners Ins. Co.*, 220 Ga. App. 539, 540 (469 SE2d 783) (1996).

[6] *Bouvé & Mohr*, supra at 764 (2).

Court will not disturb a trial court's imposition of sanctions for evidence spoliation unless the trial court abused its discretion.[7]

Wal-Mart points out that the court made no express finding that it had engaged in bad faith regarding the videotape, but it cites no authority requiring such a finding before the imposition of those sanctions involved here. Before imposing sanctions, a trial court "must consider"[8] relevant factors and "must weigh the degree of the spoliator's culpability against the prejudice to the opposing party."[9] "After weighing the factors, a trial court should exercise its discretion by imposing sanctions which correspond to its findings."[10] Applying the necessarily deferential standard of review, we find that the trial court did not exceed its authority in excluding testimony about the videotape that would have contradicted Lee's and her mother's recollections of what had been recorded.[11]

2. Wal-Mart has demonstrated no merit in its contention that the trial court erred in instructing the jury on the existence of a rebuttable presumption that the evidence destroyed would have been harmful to Wal-Mart.[12]

3. Wal-Mart contends that "[t]he trial court erred and violated its own evidentiary ruling by allowing into evidence prior incidents of criminal activity at the Wal-Mart premises that were not substantially similar to the attack on Ms. Lee." Wal-Mart claims that without such evidence, there was nothing to show that it could have foreseen the attack upon Lee.

To establish Wal-Mart's liability, Lee was required to show that Wal-Mart had breached a duty "to exercise ordinary care in keeping the premises and approaches safe."[13] As against third-party criminal attacks, such duty extended only to foreseeable criminal acts.[14] During discovery, Lee revealed that her evidence of foreseeability would include criminal incident reports corresponding to calls for police service at the Wal-Mart store or parking lot between January 1, 1999 and March 8, 2001. In a motion in limine, Wal-Mart sought to exclude "the following pursuant to the 'substantial similarity' rule: evidence of prior crimes that occurred inside the store rather than

---

[7] Id. at 762 (1).

[8] *Bridgestone/Firestone North American Tire, LLC v. Campbell*, 258 Ga. App. 767, 768 (574 SE2d 923) (2002).

[9] Id. at 770.

[10] *R. A. Siegel Co.*, supra at 182.

[11] See *Bouvé & Mohr*, supra at 764-765 (2).

[12] See *Baxley v. Hakiel Indus.*, 282 Ga. 312, 313 (647 SE2d 29) (2007) (spoliation creates the presumption that the evidence would have been harmful to the spoliator and that the evidence favored the spoliator's opponent).

[13] OCGA § 51-3-1; see *Days Inns of America v. Matt*, 265 Ga. 235 (454 SE2d 507) (1995).

[14] *Days Inns of America*, supra at 235-236.

outside in the parking lot; evidence of prior property crimes rather than crimes against persons." In an order filed July 11, 2006, the court ruled that Lee would be allowed to present "evidence of calls for service [during] that time period involving substantially similar crimes, such as assaults and thefts in the parking lot. Only stranger on stranger crimes will be admissible." The order further set forth that (a) Lee could seek additional guidance regarding the court's ruling by submitting, prior to a specified date, a list of criminal incidents she would seek to introduce; and (b) the court would specify which of the listed incidents would be admitted as trial evidence. In addition, the order stated that the court would entertain modifications of its ruling if circumstances so warranted, that the attorneys should approach the bench to seek guidance from the court, and that the attorneys would then be allowed to make specific objections.

Accordingly, Lee submitted to the court a list of incident reports she contended fell within the court's ruling. And at a hearing held July 31, 2006, the day before evidence was taken at trial, the court excluded various of the incidents Lee had listed.

(a) Wal-Mart argues that the incidents admitted should have been excluded as not substantially similar to what happened to Lee.

In *Sturbridge Partners v. Walker*,[15] the Supreme Court of Georgia "laid to rest the artificial notion that a crime against a person could never be foreseen by previous crimes against property."[16] The Court adopted more flexible guidelines for determining foreseeability:

> In determining whether previous criminal acts are substantially similar to the occurrence causing harm, thereby establishing the foreseeability of risk, the court must inquire into the location, nature and extent of the prior criminal activities and their likeness, proximity or other relationship to the crime in question. While the prior criminal activity must be substantially similar to the particular crime in question, that does not mean identical. What is required is that the prior incident be sufficient to attract the [defendant's] attention to the dangerous condition which resulted in the litigated incident. Further, the question of reasonable foreseeability of a criminal attack is generally for a jury's determination.[17]

---

[15] 267 Ga. 785 (482 SE2d 339) (1997).

[16] *Doe v. Prudential-Bache/A.G. Spanos Realty Partners*, 268 Ga. 604, 605 (492 SE2d 865) (1997).

[17] *Sturbridge Partners*, supra at 786 (citations and punctuation omitted).

Under these guidelines, the Court in *Sturbridge* examined whether two prior burglaries of which the landlord had knowledge created a factual issue regarding the foreseeability of a rape and aggravated sodomy that occurred in one of its apartments. It concluded that the prior burglaries gave rise to a triable issue on foreseeability because, although the burglaries "were committed when the apartments were vacant, it was reasonable to anticipate that an unauthorized entry might occur while an apartment was occupied and personal harm to a tenant could result."[18]

Lee's evidence of foreseeability included, among others, the following criminal incidents that occurred on Wal-Mart's premises during the approximately two-year period before the attack upon her: fourteen thefts of unoccupied automobiles from the Wal-Mart parking lot; theft of a 48′ trailer that contained Wal-Mart merchandise from the parking lot; theft by forcibly grabbing a purse from a woman in the parking lot; eight incidents of theft of property taken from unoccupied vehicles; theft of a purse from an unattended shopping cart; an aggravated assault by gun in the parking lot; firing of a gun in the air, while making threatening comments to a person in front of the Wal-Mart store; two incidents of theft by taking wallets from women who were shopping; and showing of a gun and making threatening comments to a person in a fast food restaurant inside the Wal-Mart store.

Considering the location, nature, and extent of these prior criminal occurrences and their likeness to the incident involving Lee,[19] we find that the trial court did not err in finding them admissible as sufficiently similar. While there was no evidence of a prior incident in which the victim was shot and her car was taken at gunpoint, the prior criminal occurrences did not need to be identical to the one involving Lee. There were several robberies and assaults with a deadly weapon upon Wal-Mart's premises, and there were numerous incidents of items stolen from vehicles and thefts of vehicles from the parking lot. While these theft crimes occurred when the drivers were not near their vehicles, under the circumstances shown to have existed in this case, it was reasonable to anticipate that an unauthorized entry into a vehicle might occur when the driver was nearby and that personal harm to the driver would result.[20] Contrary to Wal-Mart's position, the prior criminal activity was sufficient to have

---

[18] Id. at 787.

[19] Id. at 786.

[20] See generally id. at 787; compare *Baker v. Simon Property Group*, 273 Ga. App. 406, 407 (1) (614 SE2d 793) (2005) (evidence determined insufficient to create a factual issue whether defendants with responsibility for mall parking lot could reasonably anticipate that a carjacking and shooting might occur from the following prior criminal incidents in the parking lot

attracted Wal-Mart's attention to the dangerous condition which resulted in the incident involving Lee.

Wal-Mart cites *Doe v. Prudential-Bache/A.G. Spanos Realty Partners*[21] and *Agnes Scott College v. Clark*[22] to support its argument that the prior incidents were too dissimilar to establish foreseeability of the incident involving Lee. But those cases are distinguishable. In *Doe*, evidence of "prior property crimes, largely thefts from automobiles and acts of vandalism," committed in a parking garage, was determined to be insufficient to create a factual issue regarding the foreseeability of the violent sexual assault committed upon the plaintiff after she parked her car there.[23] Similarly, in *Agnes Scott College*, evidence of "crimes against property, such as car break-ins and other crimes not involving person-to-person contact," together with general crime statistics for the city and a showing that students were afraid to go into a certain parking lot alone at night, was determined to be insufficient to create a factual issue regarding the foreseeability of the plaintiff-student's kidnapping from that parking lot in broad daylight and subsequent off-campus rape.[24] Unlike the plaintiffs in *Doe* and *Agnes Scott*, who had suffered violent sexual attacks, Lee was shot and her vehicle was taken at gunpoint; the criminal incident perpetrated upon Lee was substantially similar in type to prior criminal activities shown to have occurred upon the Wal-Mart premises, primarily vehicle break-ins and thefts, as well as aggravated assaults by use of a gun.

(b) According to Wal-Mart, the trial court "violated its own evidentiary ruling" by allowing in evidence prior incidents that it asserts "were not solely 'stranger-on-stranger' crimes. Crimes against property are not 'stranger-on-stranger' crimes but stranger-on-property crimes." Wal-Mart complains, "This flagrant disregard for the trial court's evidentiary ruling blindsided [it] at trial."

But the order on Wal-Mart's motion in limine expressly (i) allowed for either party to seek reconsideration of and guidance pertaining to the court's ruling, (ii) allowed for Lee to seek clarification as to the admissibility of specific prior criminal incidents, (iii) provided for the court to subsequently modify its ruling, and (iv) allowed for the attorneys to object to any such modifications. Lee sought such clarification, and the court conducted a pre-trial hearing.

---

during the year before the litigated incident: five thefts from unoccupied vehicles, two occurrences of criminal damage to unoccupied vehicles, and three cars stolen while customers were inside mall shopping).

[21] Supra.

[22] 273 Ga. App. 619 (616 SE2d 468) (2005).

[23] *Doe*, supra at 606.

[24] *Agnes Scott College*, supra at 620-621.

After the court announced which prior incidents proffered by Lee would be excluded, Wal-Mart's attorney was given opportunity to be heard on any objection — both at that hearing and the next day, before evidence was taken. Thus, Wal-Mart was not blindsided by the court's ruling; nor has it shown that the trial court "violated its own evidentiary ruling."

4. Last in its enumeration of errors, Wal-Mart contends, "The trial court erred in allowing Ms. Lee's expert to testify by relying on police reports that were unavailable to Wal-Mart at the time of the incident." Nowhere in its brief, however, does Wal-Mart provide a record citation to any expert witness testimony.[25] Wal-Mart asserts in its brief that it preserved this enumerated claim of error, but the part of the record to which it cites shows no objection on the ground that police reports were unavailable to it at the time of Lee's attack. Wal-Mart cites to the trial transcript to support its claim that "it was impossible" for Wal-Mart to have obtained the reports and "[i]t [was] undisputed that the reports *were unavailable to Wal-Mart* at the time of the incident in question."[26] That portion cited is Wal-Mart's cross-examination of the Riverdale clerk about the accessibility of reports from 1999 through 2001. Wal-Mart asked, "So I understand it, it was difficult if not impossible to pull reports back in 1999, 2000, and 2001; is that correct?" The clerk pertinently answered, "[A] lot of the written reports from 1999, they are available inside folders in a vault in the police department." Wal-Mart later asked, "So to find police reports or to find any kind of activity at a particular piece of property in '99, 2000, 2001, someone would have to manually go through all the records." The clerk answered, "Yes," and agreed that there was "no other easier way" to obtain them. This evidence provides no support whatsoever for Wal-Mart's assertion that the reports were unavailable to it.

The admissibility of expert testimony falls within the sound discretion of the trial court.[27] On appeal, "the burden is on the appellant to show error by the record."[28] Under these circumstances, Wal-Mart has failed to carry its burden as appellant to show error by the record that the trial court abused its discretion in allowing in evidence expert testimony.[29]

---

[25] See Court of Appeals Rule 25 (a) (1).

[26] (Emphasis in original.)

[27] *Sims v. Heath*, 258 Ga. App. 681, 682 (1) (577 SE2d 789) (2002).

[28] *Dept. of Human Resources v. Allison*, 276 Ga. 175, 178 (575 SE2d 876) (2003) (citations and punctuation omitted); see *Wilbanks v. State*, 251 Ga. App. 248, 268 (19) (b) (554 SE2d 248) (2001).

[29] See generally *Sealey v. State*, 277 Ga. 617, 620 (7) (593 SE2d 335) (2004); *Carr v. State*, 267 Ga. 701, 707 (5) (482 SE2d 314) (1997); *Parrott v. Fairmont Dev.*, 256 Ga. App. 253, 256 (1)

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MARCH 26, 2008 —

*Balch & Bingham, David A. Lester, Michael J. Bowers, John T. Morgan III, McLain & Merritt, Albert J. Decusanti, Dawn M. Rivera,* for appellant.

*Cooper, Jones & Cooper, Lance A. Cooper,* for appellee.

---

(c) (568 SE2d 148) (2002) (concerning absence of proper argument and corresponding citation to authority or to the record); *Jenkins v. State,* 240 Ga. App. 102, 103 (1) (522 SE2d 678) (1999) (concerning "mere conclusory statements" and "meaningful argument" contemplated by Court of Appeals' rules).