A08A0381. SIMS v. GT ARCHITECTURE CONTRACTORS
CORPORATION.
(663 SE2d 797)

RUFFIN, Presiding Judge.

Following trial, the jury awarded Shawn Sims $20,000 on her fraudulent conveyance and negligent construction claims. Sims appeals, arguing that the trial court erred in directing a verdict with

---

respect to her claim for attorney fees and in charging the jury that it could only award expenses of litigation if it found that the defendant — GT Architecture Contractors Corporation ("GT Architecture") — had acted in bad faith. Finding no such error, we affirm.

The relevant facts show that Sims purchased a home constructed by GT Architecture. According to Sims, the house was poorly built, violated applicable building codes, and had latent structural defects. Sims filed suit against GT Architecture, alleging claims for negligent construction and fraudulent conveyance. In her complaint, Sims prayed for attorney fees. After the close of the evidence, however, the trial court declined to charge the jury on the assessed attorney fee issue. The trial court cited numerous reasons for its ruling, stating that:

> I don't believe [Sims] carried her burden of proof as to that claim. And when I say that[,] I mean I think the proof doesn't support a finding in a number of ways. If there is a bona fide controversy, then attorney fees can't be awarded based on stubborn litigiousness. By [Sims'] own account of this[,] the defendant didn't conduct any discovery so I don't know how they can be accused of expanding the proceedings or anything of that nature. And I think there is a ... problem with [Sims] failing to differentiate between the negligence claims and the fraud claims. I don't see how in any circumstances attorney fees could be awarded as to the negligence claims. If there's even a fairly debatable argument here about whether it could [be] allowed[,] it would have to be based on the finding that there was some deliberate and knowing misrepresentation, bad faith in the inception of the agreement[,] and there's not any evidence here by which the jury can separate that part of the litigation expenses from the rest of it.

The trial court subsequently added that Sims also had failed to prove the value of the attorney services.

The trial court did, however, charge the jury with respect to expenses of litigation, instructing jurors that

> the expenses of litigation are not generally allowed as part of the damages[,] but if you find that the defendant acted in bad faith you may allow them. You should determine from the evidence the expense, if any, [that] will be allowed. And as I have already told you[,] I have limited that to the cost of hiring the expert witnesses[,] which you heard described during your testimony.

1. On appeal, Sims contends that the trial court erred in failing to charge the jury on her claim for attorney fees and in directing a verdict for GT Architecture on this issue. Sims sought attorney fees and expenses of litigation pursuant to OCGA § 13-6-11, which provides that

> [t]he expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

In order to recover attorney fees under this statute, the plaintiff may show that any one of the three conditions exists — bad faith, stubborn litigiousness, or unnecessary trouble and expense.[1] But a claim pursuant to OCGA § 13-6-11 must be both pled and proven.[2] And an award of attorney fees cannot stand where the plaintiff fails to prove the actual costs of his attorneys and the reasonableness of those costs.[3]

Here, Sims argues strenuously that there was ample evidence of bad faith and thus the trial court should have submitted the attorney fee issue to the jury. However, the trial court also based its ruling upon Sims' failure to establish the reasonableness of her attorney fee request.[4] And although both Sims and her attorney testified regarding the amount of attorney fees, she has failed to point to any evidence establishing the *reasonableness* of those fees.[5] If the trial court's ruling is correct on even one basis, we will affirm.[6] Given Sims' failure to present required evidence on the attorney fee issue, we find no error in the trial court's refusal to submit the issue to the jury and in directing a verdict on this claim.[7]

---

[1] See *Patton v. Turnage*, 260 Ga. App. 744, 747 (2) (580 SE2d 604) (2003).

[2] See *Cannon Air Transport Svcs. v. Stevens Aviation*, 249 Ga. App. 514, 519 (6) (548 SE2d 485) (2001) (" 'An award of attorney fees is unauthorized if appellee failed to prove the actual costs of the attorney and the reasonableness of those costs.' "); *Dept. of Transp. v. Ga. Television Co.*, 244 Ga. App. 750, 751 (1) (536 SE2d 773) (2000) ("Awards under OCGA § 13-6-11 must be specifically pleaded and prayed for in the complaint.").

[3] See *Daniel v. Smith*, 266 Ga. App. 637, 640 (2) (597 SE2d 432) (2004).

[4] In her brief, Sims acknowledges this basis for the trial court's ruling.

[5] See *Cannon*, supra (attorney fee award unauthorized where "no witness testified that he or she thought the amount of fees was reasonable").

[6] See *Looney v. M-Squared, Inc.*, 262 Ga. App. 499, 505 (6), n. 18 (586 SE2d 44) (2003) ("[I]f a judgment entered pursuant to the granting of a directed verdict is right for any reason, it will be affirmed.") (punctuation omitted).

[7] See id.; *Daniel*, supra (reasonableness of attorney fee must be shown); *Morrison v.*

2. In a related claim of error, Sims contends that the trial court erred when it improperly instructed jurors that they could award expenses of litigation only if they found that GT Architecture acted in bad faith. According to Sims, this instruction was predicated on the trial court's misapprehension of OCGA § 13-6-11, which also permits expenses of litigation where a defendant has been stubbornly litigious or caused unnecessary trouble and expense.[8] However, Sims did not except to the charge given on this basis. "In a civil case, an exception or objection to a charge must be made after the jury is charged and before the verdict; an objection made at a charge conference before the charge is given does not preserve a charging issue for appellate review."[9] Accordingly, this issue has not been preserved for appeal.[10]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED JUNE 19, 2008.

*Schulten, Ward & Turner, Lynley R. Teras, Adam S. Jaffe, Aaron L. Michelman*, for appellant.

*Power & Cooper, Warren R. Power, William A. Wehunt*, for appellee.

---

*Morrison*, 282 Ga. 866, 867 (3) (655 SE2d 571) (2008) ("In order for a refusal to charge to be error, the request must, among other requirements, be adjusted to the evidence.").

[8] Contrary to Sims' contention, it appears the trial court tailored its jury instruction based upon its earlier finding that Sims had presented no evidence of stubborn litigiousness or expansion of the proceedings.

[9] (Punctuation omitted.) *Ford's & Gantt Co. v. Wallace*, 249 Ga. App. 273, 277 (2) (548 SE2d 31) (2001).

[10] See *Hancock v. Bryan County Bd. of Ed.*, 240 Ga. App. 622, 624 (4) (522 SE2d 661) (1999).