## A11A0503. PACHECO et al. v. REGAL CINEMAS, INC. et al.
### (715 SE2d 728)

PHIPPS, Presiding Judge.

On September 29, 2006, 21-year-old Jesus Silencio and members of his family arrived in the parking lot of a DeKalb County movie theater. As Silencio was walking toward the theater entrance, a truck stopped near him. Several individuals from the truck, one of whom verbally communicated gang affiliation to Silencio, confronted Silencio and began punching him and hitting him with a bat. During the altercation, Silencio was fatally shot. Immediately after the shots were fired, the individuals who had arrived in the truck quickly fled in their vehicle.

A wrongful death action ensued. Carlos Pacheco, individually and as administrator of Silencio's estate, together with Olga Pacheco, charged two defendants with negligence: (1) the operator of the movie theater upon the premises, Regal Cinemas, Inc.; and (2) the company hired by Regal to provide security thereupon, Perfections Management Solutions, LLC. After a jury trial, the court entered judgment upon the defense verdict, then denied the Pachecos' motion for new trial. In this appeal, the Pachecos present contentions based upon spoliation and OCGA § 51-12-33, which, as modified by the Tort Reform Act of 2005,[1] requires in certain cases the assessment of fault and apportionment of damages. No reversible error has been shown, and we affirm.

*Spoliation*

1. The Pachecos contend that the trial court erred by not imposing harsher sanctions against Regal and Perfections for failing to comply with their discovery requests for a video recording depicting views of the parking lot at the time of the assault. The Pachecos assert that the recording might have put to rest two critical issues. First, it might have negated the claim by the defense that Silencio somehow contributed to his own death. In particular, the Pachecos point out, Regal and Perfections sought to show that the parking lot attack was a continuation of an earlier altercation between the same parties at a nearby grocery store.

Second, the Pachecos assert that the recording might have established the duration of the altercation, a hotly disputed fact underlying the issue whether there had been reasonable time for security personnel to intervene. At trial, the Pachecos presented the testimony of Silencio's family members that the altercation had

---

[1] See Ga. L. 2005, p. 1, § 12.

spanned approximately ten minutes. In contradiction, a security guard who was working for Perfections at the time in question and who had viewed the recording at issue testified that it did not show the altercation, although it captured the truck entering, then exiting the parking lot approximately five minutes later. Based on that time lapse, together with other events he recalled going on at the time, the security guard estimated that the altercation had occurred within a two-to-three-minute time frame. Further, the defense presented testimony of a bystander who stated that the entire episode was over in about 30 seconds.

According to the Pachecos, Regal's and Perfections' failure to produce the video was in bad faith and amounted to egregious spoliation. Therefore, they claim that the trial court should have imposed the sanctions of: (a) precluding the defendants from putting on evidence contradicting their version of events, and (b) instructing the jury that it must accept as true their description of the assault.

(a) *Precluding the defendants from presenting certain evidence.* The Pachecos filed a pretrial motion that included an allegation of spoliation and a request for the two sanctions listed above.[2] In their appellate brief, however, they do not show or even assert that they obtained a pretrial ruling from the trial court on their request to preclude contradictory evidence; nor do they assert that they objected to contradictory testimony when it was presented.

The record shows that, after the evidence was closed, the Pachecos reminded the court of their pretrial motion. But upon the court's request to clarify the sanctions they sought, they did not specify that which is urged here.[3] Under such circumstances, the Pachecos waived the argument that the trial court erred by allowing the defendants to present evidence contradicting their version of events.[4]

(b) *Instructing the jury that it must accept as true the Pachecos' description of the assault.* When the Pachecos reminded the court of their pretrial motion, they asked that the jury be instructed to accept as true their account that the incident occurred over the course of about ten minutes. When the trial court denied that request, the Pachecos asked for a charge on the rebuttable presumption arising

---

[2] See OCGA § 24-4-22 ("If a party has evidence in his power and within his reach by which he may repel a claim or charge against him but omits to produce it, or if he has more certain and satisfactory evidence in his power but relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim against him is well founded; but this presumption may be rebutted.").

[3] See generally *Bowman v. Bowman*, 230 Ga. 395, 396 (1) (197 SE2d 373) (1973) ("An instruction to the jury to disregard evidence is tantamount to an exclusion.").

[4] See generally *Whitehead v. State*, 287 Ga. 242, 246 (2) (695 SE2d 255) (2010) (noting that a party is required to make and obtain a ruling on an objection to evidence in the trial court, before or as the evidence is admitted, in order to preserve the objection for appeal).

from spoliation, which was given. But this sanction, the Pachecos argue, did not go far enough.

"Spoliation refers to the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation. Such conduct creates the presumption that the evidence would have been harmful to the spoliator."[5]

> Where a party has destroyed or significantly altered evidence that is material to the litigation, the trial court has wide discretion to fashion sanctions on a case-by-case basis. . . . Whether remedies are warranted is a matter for the trial court to decide. The trial court should weigh five factors before exercising its discretion to impose sanctions: (1) whether the party seeking sanctions was prejudiced as a result of the destruction of the evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; (4) whether the party who destroyed the evidence acted in good or bad faith; and (5) the potential for abuse if . . . testimony about the evidence was not excluded.[6]

At trial, the defense elicited testimony that Regal and Perfections maintain showed their numerous attempts to recover the video, which had become lost. They also presented evidence that a copy of the video had been turned over to police and that a county prosecutor had viewed it. The defense showed further that, despite their numerous attempts to retrieve that copy, they had been unsuccessful.

The Pachecos assert on appeal that there is a reasonable inference the defense destroyed the video in bad faith. In the order denying the Pachecos' motion for new trial, with respect to the Pachecos' argument that harsher sanctions should have been imposed, the trial court ruled:

> Plaintiffs argue the lost security surveillance tape would have shown, or would have at least provided circumstantial proof, that the verbal altercation leading to the eventual shooting of the deceased took ten minutes and given that time frame, Defendant Regal Cinemas had more than sufficient time to prevent the escalation of the altercation had adequate security been provided. During the trial, both sides stipulated to admission of a statement made by the

---

[5] *Baxley v. Hakiel Indus.*, 282 Ga. 312, 313 (647 SE2d 29) (2007) (citations and punctuation omitted).

[6] *AMLI Residential Properties v. Ga. Power Co.*, 293 Ga. App. 358, 361 (1) (667 SE2d 150) (2008) (citations and punctuation omitted).

[county prosecutor] who was in charge of the criminal case against the perpetrators of the shooting that she had reviewed the video tape and did not find it helpful in the criminal prosecution. Because the Plaintiffs never filed a motion to compel the production of this tape, this Court was unable to determine who was responsible therefor. Under these circumstances, a charge of spoliation of evidence was more than adequate.

The Pachecos have cited no authority that the circumstances of this case mandated the court to instruct the jury to accept as true their description of the assault.[7] And we find none. Applying the necessarily deferential standard of review, we conclude that no reversible error has been shown in the trial court's exercise of its discretion to charge the jury on the rebuttable presumption arising from spoliation, as opposed to instructing the jury that it must accept as true the Pachecos' description of the assault.[8]

### OCGA § 51-12-33

2. In several claims of error, the Pachecos contend that the trial court erred by instructing the jury pursuant to OCGA § 51-12-33's provisions regarding assessment of fault and apportionment of damages.

*Background for the claims of error.* Among other evidence pertaining to the individuals from the truck, the defense introduced at trial certified copies of convictions of three individuals charged in connection with the underlying incident. And during the final jury charge, as requested by the defense, the trial court instructed the jury under OCGA § 51-12-33, including the assignment of fault, if any, to the convicted individuals. Further, the trial court explained the special verdict form presented to the jury, which directed the jury to find either: (A) in favor of the plaintiffs, then to assign fault amongst the defendants and the convicted individuals, or (B) in favor

---

[7] See id. (recognizing that, while a trial court may exclude a party's evidence, it also may remedy spoliation prejudice by charging the jury that spoliation of evidence creates the rebuttable presumption that the evidence would have been harmful to the spoliator).

[8] See *R & R Insulation Svcs. v. Royal Indem. Co.*, 307 Ga. App. 419, 438-439 (7) (b) (705 SE2d 223) (2010) (noting the range of sanctions to impose in the event a trial court determines that spoliation has occurred and holding that trial court did not abuse its discretion by declining to dismiss the case, where it did not appear from the record that the appellees maliciously destroyed the evidence, and the appellants' ability to present a defense had not been so diminished as to be impossible or improbable). See generally *Wal-Mart Stores v. Lee*, 290 Ga. App. 541, 546 (1) (659 SE2d 905) (2008) (before imposing sanctions, trial court must consider relevant factors, weigh the degree of spoliator's culpability against the prejudice to the opposing party, and exercise its discretion by imposing sanctions which correspond to its findings); *Brito v. Gomez Law Group*, 289 Ga. App. 625, 631-632 (3) (b) (658 SE2d 178) (2008).

of the defendants. (Having returning a defense verdict, the jury did not assign any fault.)

(a) The Pachecos argue that the trial court erred in instructing under OCGA § 51-12-33, claiming that the statute is unconstitutional on various grounds. However, the Pachecos failed to preserve any constitutional challenge to the statute.

In their notice of appeal to the Supreme Court of Georgia, the Pachecos asserted that "the constitutionality of a statute has been drawn into question." But the Supreme Court transferred this case to this court, explaining in its transfer order: "Appellants seek to invoke this Court's subject matter jurisdiction over constitutional questions. However, appellants have failed to identify any distinct ruling by the trial court that would invoke this Court's jurisdiction."[9] Accordingly, the Pachecos waived their constitutional challenges to OCGA § 51-12-33.[10] Thus, their several claims of error that the trial court gave jury instructions based upon a statute they argue was unconstitutional also fail, as does their enumerated claim of error (although indicating no ruling by the trial court[11]) that "OCGA § 51-12-33 deprives the plaintiff of a substantial property right in violation of the Due Process Clause of the Georgia Constitution."

(b) The Pachecos contend that the trial court erred in instructing the jury pursuant to OCGA § 51-12-33 because "it is not rationally possible to apportion fault between a premises owner and the criminal perpetrator that the owner was supposed to protect against." Subsections (b) and (c) of that statute are relevant to this contention. In pertinent part, subsection (b) provides:

> Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. . . .

Subsection (c) provides: "In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or

---

[9] The Supreme Court cited *Jenkins v. State*, 284 Ga. 642, 643-644 (1) (670 SE2d 425) (2008).

[10] See *Haynes v. Wells*, 273 Ga. 106, 108 (3) (538 SE2d 430) (2000).

[11] See generally *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999) (appellate courts are for correction of errors of law made by the trial courts; an error of law has as its basis a specific ruling made by the trial court; an appealing party must set forth in the enumeration of errors the allegedly erroneous ruling).

entity was, or could have been, named as a party to the suit."

Although the Pachecos argued this issue at the jury charge conference, they made no objection on the ground asserted here when the court asked for exceptions to the final charge, and the transcript reflects further that neither did they object before the jury returned its verdict. Pretermitting whether the issue was consequently waived,[12] we find that the Pachecos' argument nevertheless falls short of demonstrating any trial court error.

It bears emphasizing that the Pachecos do not complain that the particular language employed by the trial court was an incorrect statement of the law under OCGA § 51-12-33; they do not complain that the statute was not invoked by the evidence;[13] instead, they argue that the trial court should not have covered the statute's principles of assessing fault and apportioning damages, given the particular allegations underlying their case. To support their argument, the Pachecos rely on two out-of-state decisions, which refused to apply such principles where, as here, the defendants were alleged to have been *negligent* in failing to keep the premises safe from allegedly foreseeable *intentional* conduct.

The cases relied upon are not persuasive authority, however. The result in *Merrill Crossings Assocs. v. McDonald*,[14] one of the cases relied upon by the Pachecos, was based upon the Supreme Court of Florida's interpretation of a Florida apportionment statute, which expressly provided that the statute was inapplicable where the case was "based upon an intentional [act]."[15] The Pachecos do not contend that OCGA § 51-12-33 contains a similar exclusionary provision; and we find none. Consequently, they have not shown that the trial court erred by charging the jury pursuant to the Georgia statute, rather than pursuant to *Merrill Crossings Assocs.*[16]

---

[12] See *Sims v. GT Architecture Contractors Corp.*, 292 Ga. App. 94, 97 (2) (663 SE2d 797) (2008) (in a civil case, an exception or objection to a charge must be made after the jury is charged and before the verdict; an objection made at a charge conference before the charge is given does not preserve a charging issue for appellate review); *Hurst v. J. P. Colley Contractors*, 167 Ga. App. 56, 57 (2) (306 SE2d 54) (1983). Accord *Palmer v. State*, 270 Ga. 278, 279 (2) (507 SE2d 755) (1998). But cf. OCGA § 5-5-24 (a) (requiring an objection "before the jury returns its verdict"), (c) (mandating review in certain circumstances, notwithstanding the lack of proper objection); *Whitehead*, supra at 245-249 (2) (examining the rationale underlying the requirement to reiterate an objection in order to preserve an issue for appellate review).

[13] See *Jones v. Sperau*, 275 Ga. 213, 214 (2) (563 SE2d 863) (2002) ("A trial court has a duty to charge the jury on the law applicable to issues which are supported by the evidence. If there is even slight evidence on a specific issue, it is not error for the court to charge the jury on the law related to that issue.") (citation and punctuation omitted).

[14] 705 S2d 560 (Fla. 1997).

[15] Id. at 561 (citing Fla. Stat. § 768.81 (4) (b)).

[16] Supra. See generally *Cavalier Convenience v. Sarvis*, 305 Ga. App. 141, 146-147 & n. 24 (699 SE2d 104) (2010).

The decision of *Turner v. Jordan*,[17] the other case relied upon by the Pachecos, did not turn on any statute. However, given the enactment of OCGA § 51-12-33 by our General Assembly, the Pachecos have failed to show that the trial court erred by instructing the jury pursuant to our state's statute, rather than pursuant to Tennessee case law.[18]

*Judgment affirmed. Andrews, J., concurs. McFadden, J., concurs and concurs in judgment only in Division 2 (b).*

DECIDED JULY 14, 2011 —
RECONSIDERATION DENIED JULY 28, 2011.

*Patrick J. Hannon*, for appellants.
*Gray, Rust, St. Amand, Moffett & Brieske, Matthew G. Moffett, W. Winston Briggs*, for appellees.

---

[17] 957 SW2d 815 (Tenn. 1997).

[18] See generally *Sarvis*, supra.

