**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**November 28, 2012**

# In the Court of Appeals of Georgia

A12A1052. SENTRY SELECT INSURANCE COMPANY et al. v.
   TREADWELL.

MCFADDEN, Judge.

This is an appeal from an order striking the defendants' answer for spoliation of evidence. There was spoliation. But the trial court's findings as to spoliation of certain categories of evidence are not supported by the record. Accordingly, we reverse the order striking the answer and remand the case for the trial court to determine what, if any, sanctions are appropriate.

On the evening of December 9, 2006, Martin Treadwell, Jr. was towing a car behind his pickup truck as he drove on Interstate 16. His wife Essie Treadwell was a passenger in the pickup truck. Tony Martin, who was driving a tractor-trailer for Premier Transportation, ran into the towed car from the rear. On November 17, 2008,

Essie Treadwell filed a lawsuit against Martin, J.H.O.C., Inc., d/b/a Premier Transportation, and Sentry Select Insurance Company, alleging negligence and seeking to recover damages for personal injuries. Treadwell subsequently moved to strike the defendants' answer due to alleged spoliation of the following evidence: Martin's logbooks, data from a GeoLogic system on his vehicle and data from the Electronic Control Module (ECM) on his vehicle. On November 9, 2011, the trial court issued an order granting the motion and striking the answer, finding as matters of fact that the defendants had "destroyed the driver's trip documents, including log books, ECM data, Geo[L]ogic data and results from the investigation." After we granted their application for interlocutory review, Sentry Select, Premier and Martin filed this appeal.

1. *Spoliation.*

"Spoliation refers to the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation. Such conduct creates the presumption that the evidence would have been harmful to the spoliator." (Citations and punctuation omitted.) *Baxley v. Hakiel Industries*, 282 Ga. 312, 313 (647 SE2d 29) (2007). The appellants contend that the trial court erred in finding spoliation

2

because there is no evidence that they were aware of any contemplated litigation. The contention is without merit.

The record shows that shortly after the collision, the Treadwells' attorney sent a letter to Sentry, stating that he was representing them in the claim involving Martin and Premier, that the Treadwells were continuing medical treatment for injuries sustained in the collision, and that once they reached their maximum medical improvement he would "be in touch . . . regarding settlement of this claim." The attorney also requested to be provided with certain documentation in regard to the claim. Several days later, Sentry sent a reply letter, noting that it was the liability insurer for Premier, that it was not admitting liability, that its investigation revealed its insured was not responsible for the accident, and that in the event of any settlement of the claim it would need the attorney's tax identification number.

Tim Pilato, Premier's executive vice president, deposed that in his 28 years in the trucking industry he has been involved in a lot of litigation and that every collision that occurs on the highway "does involve a claim." Pilato testified that, following Premier's typical protocol, an adjuster was sent to the scene to investigate the accident. Pilato also contacted Paul Kostelac, Premier's retained risk management consultant, to help with the investigation of the collision. Among other things,

Kostelac deposed that, based on information he had received about the Treadwells, "we knew we had a very adversarial claimant initially."

It is true that notice of liability is not the same as notice of litigation, and "the simple fact that someone is injured in an accident, without more, is not notice that the injured party is contemplating litigation sufficient to automatically trigger the rules of spoliation. [Cits.]" *Kitchens v. Brusman*, 303 Ga. App. 703, 707 (1) (a) (694 SE2d 667) (2010). But in this case there is more than the simple fact that Essie Treadwell was injured in the accident. Rather, as recounted above, there is ample evidence showing that shortly after the collision occurred the appellants were aware of contemplated litigation based on the letter from the Treadwells' attorney, their own investigation, their knowledge that every such highway collision result in claims and their information that these particular claimants were very adversarial. See *Baxley*, supra at 313 (defendant took steps to investigate accident yet failed to preserve recording of pertinent events); *Kitchens*, supra at 707-708 (1) (a) (defendants put on notice of contemplated litigation where, among other things, lawyer was investigating and asking for records); *Wal-Mart Stores v. Lee*, 290 Ga. App. 541, 544-546 (1) (659 SE2d 905) (2008) (receipt of demand letter triggered duty to preserve evidence such that subsequent destruction of videotape constituted spoliation). Accordingly, the

4

appellants have shown no error in the trial court's finding that some spoliation occurred.

2. *The evidence in question.*

The trial court found that the defendants had destroyed Martin's logbooks, GeoLogic data, ECM data, and the results of an investigation. "In determining whether to impose sanctions for evidence spoliation, trial courts routinely and necessarily make factual findings about whether spoliation occurred . . . [and] the importance of the compromised evidence." (Citation omitted.) *Bouve & Mohr v. Banks*, 274 Ga. App. 758, 762 (1) (618 SE2d 650) (2005). We will uphold such findings of discovery abuse if there is any evidence to support them. Id. In this case, while there is evidence to support the trial court's factual findings that the appellants destroyed the logbooks and GeoLogic data, Treadwell has pointed to no evidence supporting the findings as to spoliation of the ECM data and the investigation results.

a. *Logbooks*.

As an initial matter, we note that although the appellants have made assertions in their statement of facts about what the logbooks would have shown, they have not enumerated that the trial court erred in finding spoliation of the driver logbooks. Indeed, the appellants admit that they had possession of the logbooks after the

accident, maintained control of them for over a year, and then purged them after arbitration proceedings between their property damage insurer, who is not Sentry, and Martin Treadwell's insurer. Accordingly, appellants have shown no error in the trial court's finding of spoliation as to the logbooks.

b. *GeoLogic.*

Appellants argue that the trial court erred in finding that the GeoLogic data was destroyed, that such information did not exist. The argument is contradicted by the record.

During his deposition, Pilato testified that the GeoLogic is an electronic, satellite-based system that Premier has on its trucks for communication; that at the time of the collision Premier could track the location of its drivers through the GeoLogic system; that at the time of the collision, the GeoLogic was used for dispatching trucks; that those dispatch records were maintained in a computer database; and that those records were purged from the system. Moreover, risk management consultant Kostelac deposed that he reviewed the GeoLogic printout from that time frame with tractor-trailer driver Martin.

Thus, contrary to the appellants' claim, there is evidence showing that the GeoLogic data existed and has been destroyed. And since the trial court's findings

of fact were supported by the evidence, we will uphold them. See *Bouve & Mohr*, supra (affirming trial court's factual findings in spoliation case).

c. *ECM data.*

It is undisputed that the appellants downloaded information from the Electronic Control Module and provided it to Treadwell. But Treadwell asserts that the information was obtained using software which was only capable of retrieving the vehicle's engine parameters, and not the "hard brake" data that could have been captured with the correct software and which would have shown information such as the speed of the truck before impact and when the brakes were applied. However, Treadwell has pointed to no evidence in the record supporting her assertion that such data could have been retrieved from the ECM on Martin's vehicle. Indeed, Treadwell concedes that her expert witness gave no testimony about the ECM. Conversely, although the appellants' expert did not have knowledge about the particular software used for the ECM download, he explained that the type of "hard brake" information alleged by Treadwell to be available was not contained on the ECM. He deposed, "I know that the data that's contained in this engine, you don't get hard br[ake] information by downloading the ECM. It only gives you the parameters of where the engine is set. At that time, not all ECMs provided that data."

7

It is axiomatic that in order for there to be spoliation, the evidence in question must have existed and been in the control of a party. See generally OCGA § 24-4-22; *Jones v. Krystal Co.*, 231 Ga. App. 102, 107 (f) (498 SE2d 565) (1998) (presumption arising from spoliation of evidence occurs "only when the party has evidence within its control"). Because Treadwell has cited no evidence showing that the allegedly destroyed "hard brake" information was ever available, whereas the appellants have provided expert testimony showing that such data was not contained on this ECM, the trial court erred in finding that such ECM data was destroyed by appellants.

d. *Investigation results.*

Treadwell's motion did not mention the destruction of "results from the investigation" as a ground for its spoliation claim, and the trial court's order is silent as to precisely what it was referring to when it found that the appellants had destroyed "results from the investigation." Treadwell identifies no evidence supporting this finding by the trial court, and instead admits that the trial court failed to expound on what it meant by "results from the investigation." She then speculates about what the trial court was referring to, guessing that perhaps it meant information collected by Kostelac or an adjuster's file. Given the lack of specificity in the trial court's order

8

and the failure to identify evidence showing that investigation results were destroyed, this finding by the trial court was erroneous.

3. *Sanctions*.

"[T]rial courts have the power to control the behavior of litigants before them to maintain the integrity of the judicial process, and this power includes the discretion to fashion appropriate remedies for the spoliation of evidence." (Citation omitted.) *Wal-Mart*, supra at 544 (1).

> To remedy the prejudice resulting from evidence spoliation, a trial court is authorized to craft a solution that fits the facts; the court may (1) charge the jury that spoliation of evidence creates the rebuttable presumption that the evidence would have been harmful to the spoliator; (2) dismiss the case; or (3) exclude testimony about the evidence. This is not an exhaustive list of sanctions a trial court may impose; rather, the trial court has wide latitude to fashion sanctions on a case-by-case basis, considering what is appropriate and fair under the circumstances.

(Citation and punctuation omitted.) *Kitchens*, supra at 709 (1) (c). Moreover, on appeal we "will not disturb a trial court's imposition of sanctions for evidence spoliation unless the trial court abused its discretion." *Wal-Mart*, supra at 546 (1).

In this case, as recounted above, the trial court was authorized to impose appropriate sanctions for spoliation of the logbooks and GeoLogic data. However, the trial court also premised its sanction of striking the answer on the improper findings

9

that the appellants had destroyed the alleged ECM data and the unidentified results of some investigation. Because a trial court must fashion a remedy appropriate to its findings, and here the trial court relied in significant part on erroneous findings to impose the most extreme sanction of striking the appellants' answer, we conclude that the trial court erred. See generally *Chicago Hardware &c. v. Letterman*, 236 Ga. App. 21, 25 (2), n. 5 (510 SE2d 875) (1999) (most severe sanctions should be reserved for cases where a party has maliciously destroyed relevant evidence). While such a severe sanction might indeed be authorized, we cannot uphold it at this juncture based on the erroneous findings in the trial court's order. Accordingly, we reverse the judgment and "remand for the trial court to consider the remedy to be employed under the circumstances and the applicable law." *Kitchens*, supra at 710 (1); *Chapman v. Auto Owners Ins. Co.*, 220 Ga. App. 539 (469 SE2d 783) (1996).

*Judgment reversed and case remanded with direction. Barnes, P. J., and Adams, J., concur.*