**FIRST DIVISION
BARNES, P. J.,
GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS
COURT. ALL FILINGS MUST BE SUBMITTED WITHIN
THE TIMES SET BY OUR COURT RULES.***

**November 3, 2021**

# In the Court of Appeals of Georgia

A21A1697. COWAN SYSTEMS, LLC. v. COLLIER.

MARKLE, Judge.

After Larry Collier was injured when one of Cowan Systems, LLC's truck drivers struck his vehicle, Collier sued Cowan and the driver, James Anderson, and requested that they preserve evidence created by a tracking device on the truck. When Cowan could not produce the data because it had not been preserved, Collier requested a spoliation sanction. The trial court granted the motion and determined that it would instruct the jury that Anderson had been speeding and was in violation of hours of service regulations at the time of the accident; that Anderson had a pattern and practice of these behaviors; and that Cowan was aware of these violations. The trial court certified its order for immediate review, and we granted the interlocutory application. Cowan now appeals, arguing that the sanction imposed was unsupported

by the trial court's findings. For the reasons that follow, we vacate the order awarding the presumptive jury instruction as a sanction, and remand the case for further proceedings.

"A trial court has wide discretion in adjudicating spoliation issues, and such discretion will not be disturbed absent abuse. Where a trial court makes findings of fact in ruling on a spoliation claim, this Court will uphold those findings if there is any evidence to support them, i.e., unless they are clearly erroneous." (Citation and punctuation omitted.) *Reid v. Waste Indus. USA*, 345 Ga. App. 236, 245 (6) (812 SE2d 582) (2018); see also *Phillips v. Harmon*, 297 Ga. 386, 397 (II) (774 SE2d 596) (2015). When the trial court imposes a sanction that is inconsistent with its factual findings, the trial court abuses its discretion. *Anthem Cos. v. Wills*, 305 Ga. 313, 316-317 (2) (823 SE2d 781) (2019).

So viewed, the record shows that Collier was driving to work in the early morning hours in July 2017 when he struck a deer that had entered the roadway. Anderson, who was a commercial truck driver for Cowan, was traveling behind Collier, and he struck the left rear side of Collier's car. Collier was injured when his car landed in a ditch. Collier believed Anderson was speeding and following too closely at the time of the accident. Anderson was cited for following too closely.

2

Four days after the accident, Collier's attorney sent Cowan a preservation letter, seeking to protect data collected by an OmniTRAC GPS system installed in Anderson's truck. The tracker collected speed and location data at certain times during the ride, depending on when the tracker "pinged." This data could have confirmed the tractor-trailer's speed and location at the time of the accident. Unfortunately, Cowan had only recently started installing the OmniTRAC system in its trucks, and it had not yet established a process for downloading and saving the electronic reports. Thus, when Cowan's legal staff received the preservation letter, they did not know the tracker was on the truck, nor did they know how to access and save the data. Cowan did preserve other tracking data in its logs that would have shown the truck's location at the time of the accident, but not its speed.

Collier filed suit against Cowan and Anderson. As to Cowan, Collier argued that it was vicariously liable for Anderson's speeding and driving in violation of the hours of service regulations applicable to commercial drivers, as well as negligent for the failure to train and supervise him, and for permitting him to drive with the

knowledge that he violated the rules of the road and commercial driving regulations. Collier also sought punitive damages.[1]

Collier then moved to sanction Cowan for spoliation of the electronic OmniTRAC data. He argued that the lost data was important to his claims of speeding and alleged violations of hours in service, as well as to the claim for punitive damages. In its response to the motion for spoliation sanctions, Cowan acknowledged that the data was important to Collier's case, but noted that some of the data was available from other reports, and it suggested that the trial court prohibit Anderson from testifying as a sanction to cure the prejudice of the lost evidence. Following a hearing, the trial court granted the motion, deciding that it would instruct the jury that Anderson was speeding and had violated time in service regulations at the time of the accident; he had a pattern or practice of speeding and violating time in service regulations; and that Cowan knew this information on the day of the accident. Cowan now appeals.

---

[1] Collier also named as a defendant Cowan's insurance company, but the trial court later dismissed those claims. Cowan moved for partial summary judgment on the issues of punitive damages and attorney fees, but the trial court denied the motion, and Cowan does not raise this denial as an issue on appeal. Additionally, after answering the complaint, Anderson disappeared and could not be deposed. Collier moved for sanctions against Anderson for his failure to appear for depositions, which the trial court granted. Anderson is not a party to this appeal.

In related enumerations of error, Cowan argues that the trial court erred in fashioning its sanction because it improperly weighed the relevant factors, and there was no evidence Cowan acted in bad faith or intentionally spoliated the evidence.[2] We agree.

"Spoliation refers to the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation." (Citation omitted.) *AMLI Residential Properties v. Ga. Power Co.*, 293 Ga. App. 358, 361 (1) (667 SE2d 150) (2008). Once the trial court determines that spoliation occurred, a fact Cowan does not dispute here, it then considers the following factors in determining the appropriate penalty for spoliation:

> (1) whether the party seeking sanctions was prejudiced as a result of the destroyed evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; (4) whether the destroying party acted in good or bad faith; and (5) the potential for abuse if any expert testimony about the destroyed evidence was not excluded.

---

[2] Although Cowan contends that Collier sought only the speed data, a review of the motion for sanctions, and the renewed motion, show that Collier sought both speed data and hours of service logs.

*Creek House Seafood & Grill v. Provatas*, 358 Ga. App. 727, __ (2) (856 SE2d 335, 339 (2)) (2021); see also *MARTA v. Tyler*, __ Ga. App. __ (860 SE2d 224, 227) (2021).

> To remedy the prejudice resulting from evidence spoliation, a trial court is authorized to (1) charge the jury that spoliation of evidence creates the rebuttable presumption that the evidence would have been harmful to the spoliator; (2) dismiss the case; or (3) exclude testimony about the evidence. This is not an exhaustive list of sanctions a trial court may impose; rather, the trial court has wide latitude to fashion sanctions on a case-by-case basis, considering what is appropriate and fair under the circumstances.

(Citation and punctuation omitted.) *Wal-Mart Stores v. Lee*, 290 Ga. App. 541, 545 (1) (659 SE2d 905) (2008).

Notably, however, an adverse jury instruction is a severe sanction that is generally appropriate only in response to the intentional destruction of material evidence. *Creek House Seafood & Grill*, 358 Ga. App. at 731 (2). Instead, "the loss of relevant evidence due to mere negligence normally should result in lesser sanctions, if any at all . . . because information lost through negligence may have been favorable to either party, including the party that lost it, and inferring that it was unfavorable to that party may tip the balance at trial in ways the lost information

6

never would have." (Citations and punctuation omitted.) Id. at 731 (2); see also

*Anthem Cos.*, 305 Ga. at 316 (2); *Wilkins v. City of Conyers*, 347 Ga. App. 469, 473

(819 SE2d 885) (2018) ("the trial court may determine in its discretion that severe

sanctions, such as an instruction to the jury to presume rebuttably that the evidence

was adverse to the spoliating party's claim or defense, the entry of a default judgment,

or the dismissal of the case, are appropriate. Significantly, however, those sanctions

are reserved for exceptional cases—namely those in which the party lost or destroyed

material evidence intentionally in bad faith and thereby prejudiced the opposing party

in an uncurable way.") (citations and punctuation omitted).

Here, we must conclude that the trial court abused its discretion in imposing

the presumptive jury instruction as its sanction. Although the trial court considered

the relevant factors, it nevertheless imposed a sanction that was too harsh under the

circumstances.

With regard to the first and third factors, there was no question that the

evidence was of practical importance to Collier's claims, and that he was prejudiced

by its destruction. Collier's claims against Cowan arise from Anderson's speeding

and following too closely, and depend on Cowan's knowledge of Anderson's

conduct. See, e.g., *Leo v. Waffle House*, 298 Ga. App. 838, 841 (2) (681 SE2d 258)

7

(2009) ("[A]n employer may be held liable for negligent supervision only where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff.") (citation and punctuation omitted). Additionally, the claim for punitive damages depends on whether Cowan knew that Anderson had a practice of such violations. See *Brooks v. Gray*, 262 Ga. App. 232, 233 (1) (585 SE2d 188) (2003) ("in automobile collision cases, punitive damages are not recoverable where the driver at fault simply violated a rule of the road. To justify punitive damages, we have required that the collision result from a pattern or policy of dangerous driving, such as driving while intoxicated or speeding excessively.") (citations and punctuation omitted); see also *Bradford v. Xerox Corp.*, 216 Ga. App. 83, 84 (453 SE2d 98) (1994) (no evidence to support punitive damage award in absence of evidence that driver had a history of violations or that company had any reason to question driver's ability).

The remaining factors, however, do not support the trial court's sanction. The data that was lost could possibly have captured Anderson's speed and location at the time of the accident, depending on exactly when the system "pinged" and registered the data. The record shows, however, that there were other means of obtaining

8

evidence of Anderson's location, and Cowan produced its logs that appear to show Anderson speeding and in violation of hours of service requirements on other occasions. In evaluating whether the prejudice could be cured, the trial court focused on the inability to cross-reference the tracker's data with the other logs, but, as noted, the logs that were produced showed violations. Additionally, in his deposition, Collier stated that he believed Anderson was speeding and following too closely, and it is likely that he would testify to that at trial, and there is no evidence to rebut that testimony. Thus, the ability to cure – or at least minimize – the prejudice does not weigh in support of the trial court's harsh sanction. *Creek House Seafood & Grill*, 358 Ga. App. at __ (2) (856 SE2d at 339 (2)); compare *Bouve & Mohr, LLC v. Banks*, 274 Ga. App. 758, 764-765 (2) (618 SE2d 650) (2005) (trial court properly instructed jury that victim had been raped as sanction for destruction of rape kit in victim's premises liability case against landlord; finding of rape was not the critical issue in the case and was only one element of the victim's tort action).

Moreover, with regard to the fourth factor, the trial court expressly found that Cowan did not intentionally destroy the data or act in bad faith. Compare *Wal-Mart Stores*, 290 Ga. App. at 546 (1) (trial court may impose sanction in form of excluding evidence even if it did not find the defendant acted in bad faith in destroying the

9

evidence). Nevertheless, it imposed a sanction that essentially instructed the jury to find in Collier's favor. See *Pacheco v. Regal Cinemas*, 311 Ga. App. 224, 226-227 (1) (b) (715 SE2d 728) (2011) (jury instruction that lost evidence is presumed to be harmful to spoliator was appropriate, but facts of case did not warrant instruction that the jury must accept plaintiff's description of events). Nothing in the court's order shows that it considered a lesser sanction and found it insufficient under these facts. *Cooper Tire & Rubber Co. v. Koch*, 303 Ga. 336, 343 (2) (d) (812 SE2d 256) (2018) (reserving the harshest spoliation sanctions for those cases involving bad faith and resulting in incurable prejudice); *Sentry Select Ins. Co. v. Treadwell*, 318 Ga. App. 844, 849 (3) (734 SE2d 818) (2012) ("a trial court must fashion a remedy appropriate to its findings, and here the trial court relied in significant part on erroneous findings to impose the most extreme sanction").

The jury instruction the trial court crafted goes beyond simply demonstrating an adverse inference; rather, it instructs the jury that Anderson was speeding at the time of the accident, that he routinely did so, and that Cowan knew of this tendency. This is not one of those "exceptional cases" warranting such a severe sanction. *Cooper Tire & Rubber Co.*, 303 Ga. at 343 (2) (d); see also *Pacheco*, 311 Ga. App. at 226-227 (1) (b). Accordingly, although the trial court properly found that a

10

spoliation sanction was warranted, it erred in the sanction it imposed. We therefore vacate the sanction imposed, and remand the case for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. Barnes, P. J., and Gobeil, J., concur.*