S12A1228. GFI MANAGEMENT SERVICES, INC. v. MEDINA.
(733 SE2d 329)

BENHAM, Justice.

On October 9, 2007, appellee Terence Medina was shot in his leg while walking in a DeKalb County apartment complex managed by

---

appellant GFI Management Services, Inc. (GFI). The identity of the perpetrator remains unknown. In September 2009, appellee brought a premises liability action against appellant and several other defendants, including his unknown assailant.[1] GFI filed a notice of intent to seek apportionment of fault among non-parties as well as parties pursuant to OCGA § 51-12-33 (d). Thereafter, appellee filed a motion in limine to exclude all evidence and argument concerning apportionment under OCGA § 51-12-33. On January 11, 2012, the trial court granted the motion in limine, concluding that OCGA §§ 51-12-33 and 51-12-31 were unconstitutional. Specifically, the trial court noted that the current language in OCGA § 51-12-31 makes it discretionary for the jury to specify the particular damages to be recovered of each defendant where an action is brought jointly against several persons for an injury caused by any of the defendants. Looking at the language in OCGA § 51-12-33, the trial court noted that apportionment of damages according to percentage of fault was mandatory when an action was brought against more than one person, and that only OCGA § 51-12-33 authorized the apportionment of fault to non-parties. In comparing the two statutes, the trial court concluded that the statutes were unconstitutionally vague and deprived Georgia's citizens of due process. GFI filed the instant appeal.

While GFI's appeal was pending, this Court decided *Couch v. Red Roof Inns*, 291 Ga. 359, 361 (729 SE2d 378) (2012). In *Couch*, we concluded that

> OCGA § 51-12-33 does not conflict with OCGA § 51-12-31, a statute which expressly does not apply where OCGA § 51-12-33 applies. Indeed, OCGA § 51-12-31 expressly provides that, "[e]xcept as provided in Code Section 51-12-33, where an action is brought jointly against several persons, the plaintiff may recover damages for an injury caused by any of the defendants against only the defendant or defendants liable for the injury."

Id. at 367 (citing *McReynolds v. Krebs*, 290 Ga. 850 (725 SE2d 584) (2012)). In *Couch*, we further held that jury instructions or special verdict forms which require a jury to apportion damages between a property owner and the criminal assailant pursuant to OCGA § 51-12-33 do not violate a plaintiff's constitutional right to due process or right to equal protection under the law. Id. at 365-367. Accordingly, in light of our decision in *Couch*, the trial court's decision granting

---

[1] Currently, GFI is the only named party-defendant remaining in the case.

plaintiff's motion in limine on the grounds that OCGA §§ 51-12-33 and 51-12-31 are unconstitutional must be reversed.[2]

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 15, 2012.

*Hawkins, Parnell, Thackston & Young, Christian J. Lang, David C. Marshall*, for appellant.

*Deitch & Rogers, Gilbert H. Deitch, Andrew T. Rogers*, for appellee.

*Cook, Noell, Tolley & Bates, Edward D. Tolley, Charles M. Cork III*, amici curiae.

---

[2] Since the trial court did not make a ruling as to whether there is sufficient evidence in this case to support a rational apportionment of damages, we decline to make such ruling as urged by appellee in his briefing on appeal.