**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**November 1, 2012**

# In the Court of Appeals of Georgia

A12A1362. ACCOR NORTH AMERICA, INC. et al. v. TODD.

ANDREWS, Judge.

Accor North America, Motel 6, Carolyn Pugh, and Lyndon Johnson (collectively "Accor") appeal from the trial court's order granting Jeffrey Todd's and Teresa Trapp's motion for partial summary judgment. Todd and Trapp (collectively "Todd") filed this premises liability action after their son Jeffrey Todd was shot while staying at a Motel 6 in Albany, Georgia. Accor filed a "Notice of Fault of Non-Parties Pursuant to OCGA § 51-12-33" in which it identified three people responsible for the shooting death of Todd: Lyndon Johnson, Jimmy Teemer, and Patrick Jackson. Accor stated that it intended to present evidence of fault of the non-parties, with the degree of fault to be assessed by the factfinder.

Todd filed a motion for partial summary judgment, contending that Accor's Notice of Fault of Non-Parties was not applicable and seeking to have OCGA § 51-12-33 held unconstitutional. The trial court granted the motion. For the reasons set forth in *Couch v. Red Roof Inns*, 291 Ga. 359 (729 SE2d 378) (2012), we reverse.

The parties have stipulated to the underlying facts. Todd was staying at the Motel 6 while on a business trip and Teemer and Johnson were at the motel to see Jackson, who also had a room there. They spoke to Todd briefly before he went into his room and later decided to go back to Todd's room and rob him. Teemer and Johnson left Jackson's room with a gun supplied by Jackson. Todd opened the door in response to Johnson's knock and Teemer rushed in holding the gun. Todd also had a gun, and fired six times at Teemer, eventually killing him. Teemer fired once at Todd, who died immediately. Johnson and Jackson were tried and found guilty of Todd's murder. When Todd's parents filed suit, they named Johnson a defendant along with Accor, Motel 6 and Carolyn Pugh, the manager of Motel 6, but did not name Teemer and Jackson.

The statute at issue, OCGA § 51-12-33, provides in pertinent part:

(a) Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the

2

injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.

(b) Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

(c) In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.

OCGA § 51-12-33 (a), (b) and (c).

In ruling on Todd's motion for partial summary judgment, the trial court held that this statute did not apply, concluding that "apportioning fault to the assailant as

a contributing non-party in these circumstances would be an incompatible result under Georgia law." Specifically, the trial court concluded that a premises liability action was similar to claims of vicarious or derivative liability and relied on this Court's holding in *PN Express v. Zegel*, 304 Ga. App. 672 (697 SE2d 226) (2010), affirming a trial court's refusal to charge on apportionment in a respondeat superior context.

In *Couch v. Red Roof Inns*, supra at 359,[1] the Supreme Court answered two certified questions from the United States District Court for the Northern District of Georgia as follows:

(1) In a premises liability case in which the jury determines a defendant property owner negligently failed to prevent a foreseeable criminal attack, is the jury allowed to consider the "fault" of the criminal assailant and apportion its award of damages among the property owner and the criminal assailant, pursuant to OCGA § 51–12–33?

(2) In a premises liability case in which the jury determines a defendant property owner negligently failed to prevent a foreseeable criminal attack, would jury instructions or a special verdict form requiring the jury to apportion its award of damages among the property owner and

---

[1] The plaintiff in *Couch* "suffered a violent attack by unknown criminal assailants while staying in a hotel and subsequently brought suit against the owner of the hotel for failing to keep the premises safe." Id.

4

the criminal assailant, pursuant to OCGA § 51–12–33, result in a violation of the plaintiff's constitutional rights to a jury trial, due process or equal protection?

For the reasons set forth below, we find that (1) the jury is allowed to apportion damages among the property owner and the criminal assailant and (2) instructions or a special verdict form requiring such apportionment would not violate the plaintiff's constitutional rights.

The rules of statutory construction, including reliance on ordinary word meanings, dictate that an assailant who evades hotel security to intentionally abduct, rob, and assault a hotel guest is, at the very least, partially at 'fault' for the brutal injuries inflicted by the assailant on that guest. As a party at fault, such an assailant must be included with others who may be at fault, e.g., the property owner in a premises liability action, for purposes of apportioning damages among all wrongdoing parties. This is the clear directive of OCGA § 51–12–33, the intent of which is easily discernable from the straightforward text of the statute.

Id.

Further, The Supreme Court specifically addressed the trial court's primary basis for its holding in this case: "The plaintiff argues that the negligence of a property owner is derivative of a criminal assailant's conduct, and, as a result, the property owner must be held fully responsible, just as a principal is held responsible

5

for the acts of an agent. This analogy, however, is misplaced, as the actions of a criminal assailant are wholly separate from any action or inaction of a property owner and there is no respondeat superior." Id. at 366. Accordingly, the trial court's holding that the apportionment statute OCGA § 51-12-33 did not apply in this case was error.

*Judgment reversed. Doyle, P. J., and Boggs, J., concur.*