**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 28, 2013**

# In the Court of Appeals of Georgia

A12A1693. SIX FLAGS OVER GEORGIA II, L. P. et al v.
        MARTIN.

BOGGS, Judge.

We granted an interlocutory appeal in this case to consider whether the trial

court erred by granting a motion in limine preventing defendants from arguing and

seeking an apportionment of damages under OCGA § 51-12-33. In light of the

Supreme Court of Georgia's recent opinion in *Couch v. Red Roof Inns*, 291 Ga. 359

(729 SE2d 378) (2012), we reverse.

The record shows that Joshua Martin was assaulted by four individuals[1] at a

Cobb County Transit bus stop located near Six Flags over Georgia. Martin

subsequently filed a complaint for his injuries against these four individuals, Six

---

[1] Willie Gray Franklin, Jr., Brad McGail Johnson, Deandre Evans, and Claude
Morey III.

Flags Over Georgia II, LP, SFOG II, Inc., SFG-II, LLC, Six Flags over Georgia, LLC, (collectively "Six Flags"), and Midtown Lanier Parking, Inc. ("Lanier Parking"). Martin alleged that Six Flags and Lanier Parking negligently failed to provide adequate security and negligently failed to keep their premises safe. He also asserted that the four individuals assaulted and battered him and that as a result of their action and the inaction of Six Flags and Lanier Parking, he suffered damages.

Martin subsequently moved for "partial summary judgment that OCGA § 51-12-33 is not applicable and OCGA § 51-12-33 is unconstitutional as written or applied or in the alternative motion in limine to exclude all evidence and all arguments of apportionment pursuant to OCGA § 51-12-33." Martin also sought to prevent "any apportionment instruction of law to the jury." The trial court declined to rule on the constitutional issues and granted only the motion in limine, finding that apportionment under OCGA § 51-12-33 is not available "in premises liability cases where one Defendant is alleged to have committed an intentional tort." The trial court reasoned that permitting apportionment "would effectively allow the premises owner to shield itself from any potential liability based upon an alleged breach of its own duty, if any, because the fact finder would apportion all damages against the criminal actor."

2

Following the trial court's ruling and while this case was pending on appeal, the Supreme Court of Georgia held in *Couch*, supra, that "proper statutory construction mandates a finding that "fault," as used in OCGA § 51-12-33, encompasses intentional torts." 291 Ga. at 365. We therefore conclude that the trial court erred by granting Martin's motion in limine.[2] Id. See *Accor North America v. Todd*, 318 Ga. App. 317 (733 SE2d 846) (2012).

*Judgment reversed. Doyle, P. J. and Andrews, P. J., concur*.

---

[2] Appellants remaining enumeration of error is therefore rendered moot.