**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 14, 2013**

# In the Court of Appeals of Georgia

A12A2225. HICKORY LAKE, L. P. et al. v. A. W., an adult female.

MCMILLIAN, Judge.

A. W. filed this premises liability action against appellants Hickory Lake, L. P., and First Communities Management, Inc. (collectively "defendants") after she was raped by an unknown assailant at an apartment complex owned, operated and managed by defendants.[1] Pursuant to OCGA § 51-12-33, defendants filed a notice of intent to seek to have damages, if any, apportioned against the unknown assailant and to have the jury instructed accordingly. A. W. objected to the notice of apportionment

---

[1] A. W. subsequently amended her complaint to add Certified Security Services, LLC as a defendant to this action, and Certified Security filed its application for interlocutory review and notice of appeal along with the other defendants/appellants. However, while this appeal was pending, the trial court granted Certified Security's motion for summary judgment, and Certified Security has been allowed to withdraw as a party to this appeal.

on a number of grounds. The trial court ruled in her favor, reasoning that to allow apportionment under these circumstances would impermissibly relieve the property owner of its duty to keep its premises safe. See OCGA § 51-3-1.

Defendants sought interlocutory review of this order, which we granted, and timely filed their notices of appeal. After the trial court's ruling, our Supreme Court issued its opinion in *Couch v. Red Roof Inns*, 291 Ga. 359 (729 SE2d 378) (2012). The Court in *Couch* specifically decided that, contrary to the trial court's ruling in this case, apportionment of damages between a property owner and an unknown, intentional tortfeasor is permitted. Id. at 359. Further, the Supreme Court specifically rejected the argument that allowing apportionment under these circumstances nullifies a property owner's duty to keep its premises safe, and also rejected five other "policy-based" arguments that apportionment should not be allowed between property owners and intentional tortfeasors who may be at fault for a plaintiff's injuries. Id. at 365-366 (1). Thus, A. W.'s attempts to distinguish *Couch* from the present case are unavailing.[2] Accordingly, based on the clear precedent of our Supreme Court, the trial court's order must be reversed. See also *GFI Management Svcs. Inc. v. Medina,* 291

---

[2] A. W. also contends that a jury charge on apportionment is not authorized by the evidence in this case. But the trial court did not rule on this issue, and we decline to address it at this time.

Ga. 741 (733 SE2d 329) (2012); *Six Flags Over Georgia II et al. v. Martin*, ___ Ga. App. ___ (Case Number A12A1693, decided February 28, 2013); *Accor North America, Inc. v. Todd,* 318 Ga. App. 317 (733 SE2d 846) (2012); *Pacheco v. Regal Cinemas, Inc.*, 311 Ga. App. 224, 228-229 (2) (b) (715 SE2d 728) (2011) (physical precedent only).

*Judgment reversed. Barnes, P. J., and McFadden, J., concur*.