**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 9, 2016**

# In the Court of Appeals of Georgia

A16A1219. COOPER TIRE & RUBBER COMPANY v. KOCH et al.

McMILLIAN, Judge.

Plaintiff/appellee Renee Koch ("Plaintiff"), individually and as the administrator of the estate of her deceased husband Gerald Raymond Koch ("Mr. Koch"), filed a complaint for damages based on negligent design/manufacture, strict liability, and failure to warn against appellant Cooper Tire & Rubber Company ("Cooper Tire") and others, alleging that her husband suffered fatal injuries in a single vehicle crash caused by a catastrophic tire tread separation. After it was revealed during discovery that Plaintiff had preserved only the "carcass" of the tire that blew out and had allowed remnants of the detached tread, the wheel on which the tire was mounted, the three companion tires, and the vehicle to be destroyed, Cooper Tire moved to dismiss the complaint or, alternatively, to bar certain evidence as a

sanction for spoliation of evidence. The trial court denied the motion but issued a certificate of immediate review, and Cooper Tire filed an application for interlocutory appeal in this Court, which we granted. As more fully set forth below, we now affirm.

The facts pertinent to this appeal are largely undisputed. On April 24, 2012, Gerald Koch was driving eastbound on Interstate 16 in his 2000 Ford Explorer when the tread on his left rear tire detached. According to the State of Georgia Traffic Crash Report, the Explorer then swerved out of control and traveled approximately 79 feet before striking a guardrail. The vehicle continued to travel in an easterly direction for approximately 134 feet, overturning several times before coming to an "uncontrolled" final rest in the eastbound ditch facing west.

Mr. Koch suffered serious injuries in the accident and was transported by emergency vehicle to the Medical Center of Central Georgia ("MCCG"). He was immediately taken to surgery and then to the intensive care unit, where he remained uncommunicative for several days. However, Mr. Koch eventually regained consciousness and was able to talk to his wife about the accident, telling her that the accident occurred when the "tire blew and the car flipped and rolled three or four times." Unfortunately, Mr. Koch was unable to recover from his extensive injuries,

and he died on June 3, 2012 without ever having left the intensive care unit of the hospital.

The Ford Explorer was towed from the accident scene by Brown's Wrecker Service ("Wrecker Service"), where it was placed in a storage yard. Sometime after the accident but before Mr. Koch died, Plaintiff talked to the owner of the Wrecker Service, Edwin Brown, who explained to her that she was being charged a daily storage fee for the vehicle. Plaintiff told Brown she could not afford to pay the storage costs, and he told her that he would not bill her for storage costs if she would transfer the title to him so he could sell the vehicle to a salvage yard where it would be crushed for scrap. Plaintiff said that she did not see any reason to keep the vehicle since it was totaled, so she agreed to transfer the title instead of paying for the vehicle to be stored. However, at some point prior to transferring the title, Plaintiff talked it over with her husband, who told her to tell the Wrecker Service to "save the tires."[1] After instructing Brown to save the left rear tire, Plaintiff relinquished control of the

---

[1] There is some question in this case concerning whether the Mr. Koch directed Plaintiff to save the "tire" or the "tires."

3

vehicle. Brown then stored the tire,[2] and the vehicle and companion tires were crushed for scrap.

Several weeks after Mr. Koch died, his daughter contacted an attorney in her home state of Missouri. The Missouri attorney contacted the Wrecker Service concerning the preservation of the tire and also recommended the daughter contact an attorney in Georgia. Shortly thereafter, Plaintiff retained Georgia counsel, and her attorney retrieved the tire from the Wrecker Service on or about September 26, 2012.

Plaintiff filed suit on March 6, 2014, alleging that Cooper Tire's defectively designed and/or manufactured tire caused the fatal crash. Cooper Tire subsequently moved to dismiss the complaint or, in the alternative, to bar Plaintiff from presenting evidence to rebut its defenses, arguing that it had suffered irreversible prejudice in presenting its defense as a result of Plaintiff's spoliation of relevant evidence. The trial court denied the motion, finding that, "[v]iewing the evidence from the perspective of the party having control over the subject vehicle, this Court does not find that the facts and circumstances give rise to litigation being reasonably

---

[2] The record suggests that the tread was never recovered from the accident scene. In any event, basically all that was saved from the vehicle was the sidewall portion of the tire that attaches to the rim.

4

foreseeable or that it should have been reasonably contemplated by the Plaintiff so as to trigger the duty to preserve the subject vehicle."

On appeal, Cooper Tire argues that the trial court erred by focusing on whether the Plaintiff subjectively knew that litigation was likely at the time she allowed the vehicle and companion tires to be destroyed, and instead should have applied the objective standard established by our Supreme Court in *Phillips v. Harmon*, 297 Ga. 386, 397 (II) (774 SE2d 596) (2015) to determine whether, applying the factors listed in *Phillips*, Plaintiff knew or should have known that the evidence should be preserved for litigation. Cooper Tire consequently argues that because the trial court applied the wrong legal standard in determining Plaintiff's duty in this case, we must review its decision under a de novo standard of review, rather than the abuse of discretion standard generally applicable to trial court rulings on spoliation issues.

The standard of review on appeal is well settled. A trial court has wide discretion in resolving spoliation issues, and "such discretion will not be disturbed absent abuse." *Phillips*, 297 Ga. at 397 (II). "However, an appellate court cannot affirm a trial court's reasoning which is based upon an erroneous legal theory." Id. Thus, this Court must first consider the proper analysis to be used in determining

5

whether Plaintiff spoliated and then whether the trial court correctly applied the analysis.

"Spoliation" refers to the destruction, failure to preserve, or material alteration of evidence that is relevant to "contemplated or pending litigation." *Phillips*, 297 Ga. at 393 (II); *Silman v. Assoc. Bellemeade*, 286 Ga. 27, 28 (685 SE2d 277) (2009). Because the spoliation of evidence may give rise to sanctions against the spoliator, including dismissal of the complaint, an initial determination must be made that the spoliator had a duty to preserve the evidence at the time it was destroyed. *Whitfield v. Tequila Mexican Restaurant No. 1,* 323 Ga. App. 801, 807 (6) (748 SE2d 281) (2013) ("A spoliation claim cannot be pursued unless the spoliating party was under a duty to preserve the evidence."), overruled on other grounds, *Phillips*, 297 Ga. at 398 (II).

> Logically, the duty to preserve relevant evidence must be viewed from the perspective of the party with control of the evidence and is triggered not only when litigation is pending but when it is reasonably foreseeable to that party. See *Graff v. Baja Marine Corp.*, 310 Fed. Appx. 298, 301 (11th Cir. 2009); *West v. Goodyear Tire & Rubber Co.*, 167 F3d 776, 779 (2d Cir. 1999).

*Phillips*, 297 Ga. at 396 (II).

In *Phillips*, our Supreme Court overruled a long line of precedent from this Court in which we had held that a defendant's duty to preserve arises only when the *plaintiff's actions* have provided the defendant with actual or express notice that the plaintiff is contemplating litigation. *Phillips* enunciated two concepts on the issue of notice: (1) notice may be actual or constructive and (2) "the *defendant's actions* may be relevant to that determination because such activity may be an "expression by the defendant that it was acting in anticipation of litigation." (Footnote omitted; emphasis supplied.) *Phillips*, 297 Ga. at 396-97 (II). Additionally, the Court went on to point to other circumstances from which "[n]otice that the plaintiff is contemplating litigation may also be derived from, i.e., litigation may be reasonably foreseeable to the defendant based on, . . . the type and extent of the injury; the extent to which fault for the injury is clear; the potential for financial exposure if faced with a finding of liability; the relationship and course of conduct between the parties[;] and the frequency with which litigation occurs in similar circumstances." Id. at 397 (II).

However, and understandably since it was only the defendant hospital's duty that was at issue, the Court in *Phillips* did not dwell on a plaintiff's duty, stating only that "[i]n regard to the injured party, usually the plaintiff, the duty arises when that party contemplates litigation, inasmuch as litigation is obviously foreseeable to the

7

plaintiff at that point" and generally that "the duty to preserve relevant evidence arises when litigation is reasonably foreseeable to the party in control of that evidence." 297 Ga. at 396 & 397 (II). Thus, as Cooper Tire acknowledges, the Court in *Phillips* did not expressly address how the objective "reasonably foreseeable" test set out in *Phillips* should be applied when it is the plaintiff who has failed to preserve evidence and did not address whether the concept of "constructive notice" applies to a plaintiff who is alleged to have spoliated. Relying on federal case law and cases from other states, however, Cooper Tire argues that the inquiry should be the same whether it is the plaintiff or the defendant who is alleged to have destroyed relevant evidence, and that the answer to the question of whether a party anticipated or contemplated litigation at the time they allegedly spoliated relevant evidence should be answered by applying the objective list of factors set out in *Phillips* to determine if they knew or reasonably should have known that a lawsuit might be filed. Applying those factors here, Cooper Tire argues that the "circumstances of the accident and the . . . decision to retain the [blown] tire objectively establishes a duty to preserve all the material evidence."

As an initial matter, we do not agree that the Court in *Phillips* intended that the list of factors from which it might be derived that a party constructively knew it

8

should anticipate a lawsuit was intended to be applied in every case to either party. Rather, the Court made it clear that as a general rule, the duty to preserve relevant evidence arises when litigation is reasonably foreseeable to the party in control of the evidence, no matter whether that party is the plaintiff or defendant. *Phillips*, 297 Ga. at 396 & 397 (II). With respect to plaintiffs, the Court further noted that the duty arises when that party actually contemplates litigation because litigation is "obviously forseeable to the plaintiff at that point." Id. at 396 (II). On the other hand, opposing parties have the duty to preserve evidence when they know or reasonably should know that the injured party is in fact contemplating litigation, which the *Phillips* court noted has generally been referred to in terms of "notice" to the defendant. Id. It is in the context of how to determine "notice" to the defendant that the Court elucidated the factors that Cooper now asks the Court to apply to the question of whether litigation is reasonably foreseeable to the plaintiff. But the issue of whether litigation was reasonably foreseeable to the plaintiff is separate and distinct from whether a defendant actually or reasonably should have foreseen litigation by the plaintiff, and thus we do not believe that the Supreme Court intended those specific factors to apply in determining whether litigation was reasonably foreseeable to the plaintiff.

That is not to say, however, that the test is a subjective one for an allegedly spoliating plaintiff. To the contrary, the Supreme Court made it clear that reasonable foreseeability is the touchstone for determining whether a plaintiff was contemplating litigation, and that test has traditionally been described with objective and subjective components – what a reasonable person in the same circumstances as those in which the injured party has found himself would do. See *Forshee v. Employers Mut. Cas. Co.*, 309 Ga. App. 621, 624 (711 SE2d 28) (2011).[3] Moreover, in *Phillips*, the Court made it clear that in determining whether a defendant had constructive notice – an objective standard – trial courts may appropriately consider the conduct of the particular defendant after the injury, including any expressions by the defendant that it was acting in anticipation of litigation. Likewise, the Court clarified that a defendant's duty does not arise merely from investigating an incident that caused an injury, "because there may be many reasons to investigate incidents causing injuries, from simple curiosity to quality assurance to preparation for possible litigation." *Phillips*, 297 Ga. at 397 (II), n.9. Thus, in applying the "reasonably foreseeable" test, it may be appropriate for trial courts to consider similar factors as those described by

---

[3] In *Forshee*, the Court warned about the "distorting effects of hindsight" in making this evaluation, and we believe that those cautions apply equally in this context. 309 Ga. App. at 624 n.2.

the Supreme Court in *Phillips* to determine whether an injured party in that position reasonably should have foreseen litigation at the time the relevant evidence was destroyed.

Having determined the appropriate analysis for an allegedly spoliating injured party, we now turn to whether the trial court applied the correct legal concepts in denying Cooper's spoliation motion. We first note that the trial court explicitly relied on *Phillips* and set out the principles enunciated therein. Cooper takes issue with the trial court's subsequent analysis of the facts, including its reliance on testimony from Plaintiff about what Mr. Koch intended when he asked her to save the left rear tire and why she decided to transfer the vehicle to Brown, asserting that it is improper under *Phillips* for the trial court to have viewed Plaintiff's testimony "from her perspective," instead of a wholly objective reasonable person. We discern no error, however, in considering this testimony in determining whether Plaintiff was actually contemplating litigation or whether litigation was reasonably foreseeable to someone in Plaintiff's position at the time. And it is clear that the trial court considered and found that under the facts and circumstances of the case, litigation was not "reasonably foreseeable or that it should have been reasonably contemplated by the Plaintiff so as to trigger the duty to preserve the subject vehicle."

11

Because the trial court applied the correct legal theory, the question then is whether the trial court abused its discretion in denying the spoliation motion. As the trial court's factual findings are amply supported by the record, we find no abuse of discretion.[4]

*Judgment affirmed. McFadden, J., concurs. Miller, P. J., concurs in judgment only.*

---

[4] Nothing in this opinion, however, should be construed to mean that the circumstances under which the tire was saved and the remainder of the vehicle was destroyed is irrelevant or immaterial to Cooper's defense of this case.