303 Ga. 336
FINAL COPY

S17G0654.  COOPER TIRE & RUBBER COMPANY v. KOCH et al.

NAHMIAS, Justice.

This Court granted a writ of certiorari to determine whether the Court of Appeals in Cooper Tire & Rubber Co. v. Koch, 339 Ga. App. 357 (793 SE2d 564) (2016), properly articulated the legal standard for when a plaintiff's duty to preserve evidence begins and properly applied that standard to the facts of this case.  Like a defendant's duty, a plaintiff's duty to preserve relevant evidence in her control arises when that party actually anticipates or reasonably should anticipate litigation.  Because the Court of Appeals appropriately identified and applied this standard, as did the trial court, we affirm.

1.    As summarized by the Court of Appeals:

The facts pertinent to this appeal are largely undisputed.  On April 24, 2012, [Plaintiff Renee Koch's husband, 69-year-old Gerald Koch,] was driving eastbound on Interstate 16 in his 2001 Ford Explorer when the tread on his left rear tire detached.  According to the State of Georgia Traffic Crash Report, the Explorer then swerved out of control and traveled approximately 79 feet before striking a guardrail.  The vehicle continued to travel in an

easterly direction for approximately 134 feet, overturning several times before coming to an "uncontrolled" final rest in the eastbound ditch facing west.

Mr. Koch suffered serious injuries in the accident and was transported by emergency vehicle to the Medical Center of Central Georgia . . . . He was immediately taken to surgery and then to the intensive care unit, where he remained uncommunicative for several days. However, Mr. Koch eventually regained consciousness and was able to talk to his wife about the accident, telling her that the accident occurred when the "tire blew and the car flipped and rolled three or four times." Unfortunately, Mr. Koch was unable to recover from his extensive injuries, and he died on June 3, 2012 without ever having left the intensive care unit of the hospital.

The Ford Explorer was towed from the accident scene by Brown's Wrecker Service ("Wrecker Service"), where it was placed in a storage yard. Sometime after the accident but before Mr. Koch died, Plaintiff talked to the owner of the Wrecker Service, Edwin Brown, who explained to her that she was being charged a daily storage fee for the vehicle. Plaintiff told Brown she could not afford to pay the storage costs, and he told her that he would not bill her for storage costs if she would transfer the title to him so he could sell the vehicle to a salvage yard where it would be crushed for scrap. Plaintiff said that she did not see any reason to keep the vehicle since it was totaled, so she agreed to transfer the title instead of paying for the vehicle to be stored. However, at some point prior to transferring the title, Plaintiff talked it over with her husband, who told her to tell the Wrecker Service to "save the tires."[1] After instructing Brown to save the left rear tire, Plaintiff relinquished control of the vehicle. Brown then stored the tire,[2] and the vehicle

---

[1] There is some question in this case concerning whether Mr. Koch directed Plaintiff to save the "tire" or the "tires."

[2] The record suggests that the tread was never recovered from the accident scene. In any event, basically all that was saved from the vehicle was the sidewall portion of the tire that attaches to the rim.

2

and companion tires were crushed for scrap.

Several weeks after Mr. Koch died, his daughter contacted an attorney in her home state of Missouri. The Missouri attorney contacted the Wrecker Service concerning the preservation of the tire and also recommended the daughter contact an attorney in Georgia. Shortly thereafter, Plaintiff retained Georgia counsel, and her attorney retrieved the tire from the Wrecker Service on or about September 26, 2012.

Cooper Tire, 339 Ga. App. at 357-358 (footnotes in original).

In March 2014, Plaintiff filed a product liability complaint for damages against Cooper Tire & Rubber Company and two other defendants in her individual capacity and as administrator of her deceased husband's estate.[3] According to the complaint, the 2006 Cooper Tire Mastercraft Courser HTR tire mounted on the left rear wheel of the Explorer that Mr. Koch was driving suffered a catastrophic tread separation, causing the vehicle to swerve out of control, overturn multiple times, and leave the roadway. The complaint included counts against Cooper Tire for negligent design and manufacture, strict liability, and failure to warn. Cooper Tire filed an answer which noted that the company "reserve[d] the right to plead spoliation of critical evidence." Extensive

---

[3] The complaint also named as defendants the National Automotive Parts Association, Inc., and the garage that sold the tire to Plaintiff's husband and installed it. These defendants were not involved in the spoliation litigation in the trial court and have not filed anything on appeal or certiorari.

3

discovery ensued, including depositions of Plaintiff and others.

In June 2015, Cooper Tire filed a motion to dismiss the complaint or impose other sanctions for spoliation. On August 27, 2015, the trial court heard arguments on the motion, and on September 9, 2015, the court entered an order denying the motion. The order concluded:

> Viewing the evidence from the perspective of the party having control over the subject vehicle, this Court does not find that the facts and circumstances give rise to litigation being reasonably foreseeable or that it should have been reasonably contemplated by the Plaintiff so as to trigger the duty to preserve the subject vehicle.

The trial court granted Cooper Tire's request for a certificate of immediate review, and the Court of Appeals granted the company's application for interlocutory appeal but then affirmed the trial court's order, with one judge concurring in the judgment only.

The Court of Appeals rejected Cooper Tire's argument that the trial court erred by focusing on whether Plaintiff subjectively knew that litigation was likely when the Explorer and the other three tires were destroyed instead of applying the objective standard for spoliation established by this Court in Phillips v. Harmon, 297 Ga. 386 (774 SE2d 596) (2015). See Cooper Tire, 339 Ga. App. at 359-362. The Court of Appeals analyzed this Court's decision in Phillips

4

before holding:

> [T]he issue of whether litigation was reasonably foreseeable to the plaintiff is separate and distinct from whether a defendant actually or reasonably should have foreseen litigation by the plaintiff, and thus we do not believe that the Supreme Court intended those specific factors [listed in Phillips] to apply in determining whether litigation was reasonably foreseeable to the plaintiff.
> That is not to say, however, that the test is a subjective one for an allegedly spoliating plaintiff. To the contrary, the Supreme Court made it clear that reasonable foreseeability is the touchstone for determining whether a plaintiff was contemplating litigation, and that test has traditionally been described with objective and subjective components — what a reasonable person in the same circumstances as those in which the injured party has found himself would do. . . . Thus, in applying the "reasonably foreseeable" test, it may be appropriate for trial courts to consider similar factors as those described by the Supreme Court in Phillips to determine whether an injured party in that position reasonably should have foreseen litigation at the time the relevant evidence was destroyed.

Cooper Tire, 339 Ga. App. at 361-362 (citations and footnote omitted).

The Court of Appeals noted that the trial court explicitly relied on Phillips and "discern[ed] no error" in the court's considering Plaintiff's testimony about what her husband intended when he asked her to save one or more tires and why she decided to transfer the vehicle to the wrecker service "in determining whether Plaintiff was actually contemplating litigation or whether litigation was reasonably foreseeable to someone in Plaintiff's position at the time." Cooper

5

Tire, 339 Ga. App. at 362. The opinion concluded: "Because the trial court applied the correct legal theory, the question then is whether the trial court abused its discretion in denying the spoliation motion. As the trial court's factual findings are amply supported by the record, we find no abuse of discretion." Id. at 363.

Because of the importance of evidence preservation in civil litigation, this Court granted Cooper Tire's petition for certiorari. But the Court of Appeals' analysis of the issues was essentially correct, so we affirm its judgment.

2. The term "spoliation" refers to "'the destruction or failure to preserve evidence' that is relevant to 'contemplated or pending litigation.'" Phillips, 297 Ga. at 393 (quoting Silman v. Assocs. Bellemeade, 286 Ga. 27, 28 (685 SE2d 277) (2009)). A trial court's finding that a party lost or destroyed relevant evidence may lead to sanctions, including in the worst cases severe sanctions such as an instruction to the jury to presume rebuttably that the evidence was adverse to the spoliating party's claim or defense, the entry of a default judgment, or the dismissal of the case. See id. at 398-399. However, before a remedy for spoliation may be imposed, the party seeking the remedy must show that the allegedly spoliating party was under a duty to preserve the evidence at

issue that was then breached.  See id. at 394.

(a)    In Phillips, we explained that "the duty to preserve relevant evidence must be viewed from the perspective of the party with control of the evidence and is triggered not only when litigation is pending but when it is reasonably foreseeable to that party."  Id. at 396.  Put another way, the duty arises when the alleged spoliator "actually or reasonably should have anticipated litigation."  Id. at 397.  Cooper Tire suggests that there is uncertainty in the bench and bar about whether the same duty to preserve relevant evidence applies to plaintiffs as well as defendants, so let us now eliminate any doubt:  the duty is defined the same for plaintiffs and defendants, and regardless of whether the party is an individual, corporation, government, or other entity.  However, the practical application of that duty in particular cases may depend on whether the party is the plaintiff or the defendant as well as the circumstances of the party and the case; consequently, the duty often will not arise at the same moment for the plaintiff and the defendant, because of their differing circumstances.[4]

---

[4] We note that this case, like Phillips, involves the general common-law duty to preserve relevant evidence for litigation.  More specific duties to preserve evidence by certain parties or in certain situations may be created by statutes, regulations, court orders, and other sources.  See Fed. R. Civ. P. 37 advisory committee's note to 2015 amendments (hereinafter "2015 Advisory Committee Note").  We cite the 2015 Advisory Committee Note here and below not because it is in any way binding on this Court — indeed, Georgia's Civil Practice Act does not include a counterpart to Federal Rule of Civil Procedure 37 (e) —

(b)     In Phillips, the accused spoliator was the defendant hospital, and we focused on the duty to preserve evidence from that perspective. We disapproved a line of Court of Appeals cases which held that a defendant's duty to preserve evidence requires actual notice of litigation from the plaintiff. See id. at 398 & n.10. A defendant's duty obviously arises from *actual* knowledge that the injured party is contemplating litigation, as when the plaintiff provides actual or express notice of a claim. See id. at 396. But, we explained, the duty to preserve relevant evidence may also arise from *constructive* notice that litigation is being contemplated — circumstances demonstrating that the defendant reasonably should have expected that litigation was forthcoming. See id. at 396-397. In determining whether the defendant "actually or reasonably should have anticipated litigation," the court may consider "what the defendant did or did not do in response to the [plaintiff's alleged] injury, including the initiation and extent of any internal investigation, the reasons for any notification of counsel and insurers, and any expression by the defendant that it was acting in anticipation of

---

but because the advisory committee's notes are often a persuasive scholarly commentary on civil procedure issues, including common law issues of the sort we address in this case. Cf. Walters v. State, 335 Ga. App. 12, 15 n.3 (780 SE2d 720) (2015).

8

litigation." Id. at 397. We also set forth a non-exclusive list of other circumstances from which a defendant might derive constructive notice that a plaintiff is contemplating litigation,

> such as the type and extent of the injury; the extent to which fault for the injury is clear; the potential financial exposure if faced with a finding of liability; the relationship and course of conduct between the parties, including past litigation or threatened litigation; and the frequency with which litigation occurs in similar circumstances.

Id. We left it to the trial court to apply those principles on remand to the circumstances that the evidence showed the defendant hospital was in at the time it destroyed the paper fetal monitoring strips at issue. See id. at 398.

(c) In this case, the alleged spoliator is an individual plaintiff, and the duty to preserve evidence must be considered from her perspective. As with defendants, the duty of plaintiffs to preserve relevant evidence in their control arises when litigation is actually or reasonably should be anticipated. However, in practice, because the plaintiff generally controls whether and when litigation will be pursued, spoliation claims involving a plaintiff's duty to preserve will more frequently and easily be resolved based on actual knowledge of litigation than will claims aimed at defendants. See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of America Securities, 685 FSupp.2d 456, 466 (S.D. N.Y.

9

2010) ("A plaintiff's duty is more often triggered before litigation commences, in large part because plaintiffs control the timing of litigation."), abrogated in part on other grounds, Chin v. Port Auth. of N.Y. & N.J., 685 F3d 135 (2d Cir. 2012). With regard to evidence that is lost before a lawsuit is formally filed by the plaintiff and served on the defendant (by which point the duty to preserve of both is crystalized), there will be more cases with clear proof that the plaintiff *actually* contemplated litigation at the pertinent time — because, for example, she consulted an attorney and authorized the litigation, even if a considerable time passed before anyone advised the defendant about the claim or served the complaint. We have emphasized that often, "[i]n regard to the injured party, usually the plaintiff, the duty arises when that party contemplates litigation, inasmuch as litigation is obviously for[e]seeable to the plaintiff at that point." Phillips, 297 Ga. at 396. During that intervening time, the plaintiff would have a duty to preserve relevant evidence, while the defendant's duty might not yet have been triggered if other circumstances did not put the defendant on constructive notice of the litigation.

Although spoliation disputes may therefore more often require determination of whether a defendant reasonably should have anticipated

10

litigation, a plaintiff also must act reasonably in anticipating whether litigation arising from her injury will occur. See, e.g., Graff v. Baja Marine Corp., 310 Fed. Appx. 298, 301 (11th Cir. 2009), cited in Phillips, 297 Ga. at 396; Silvestri v. Gen. Motors Corp., 271 F3d 583, 592 (4th Cir. 2001). See also Jamie S. Gorelick et al., Destruction of Evidence § 3.12 – Timing (2018-1 Supp.) (collecting cases). The reciprocal nature of the duty to preserve is important to ensure that disputes can be resolved fairly through civil litigation, with both parties preserving the evidence relevant to accurately resolving the claims and defenses once the parties reasonably should recognize that litigation is likely to ensue. Neither party may manipulate the civil justice system by destroying relevant evidence and then asserting (and hoping a judge will ultimately credit) a failure to have actually contemplated litigation at that time, when a reasonable person in the party's situation would have anticipated a lawsuit.

Accordingly, as the Court of Appeals recognized, "it may be appropriate for trial courts to consider similar factors as those described . . . in Phillips to determine whether an injured party in that position reasonably should have foreseen litigation at the time the relevant evidence was destroyed." Cooper Tire, 339 Ga. App. at 362. Contrary to Cooper Tire's contention, those factors

were plainly set forth as a non-exclusive list in <u>Phillips</u>, as discussed above. Not all of the listed factors will be pertinent in every case; there may be other factors pertinent in other sorts of cases; and some factors may be more pertinent in determining whether litigation was reasonably anticipated based not on whether the alleged spoliator is a plaintiff or a defendant but rather on the party's experience and sophistication in matters of litigation. For example, as compared to an individual who never before has been seriously injured or involved in litigation, a corporate defendant that routinely faces litigation over the same type of incident that resulted in the same type of injury that the plaintiff suffered might well be found to reasonably have greater understanding of certain circumstances that would put the party on notice that litigation should be anticipated, such as its "potential financial exposure if faced with a finding of liability," "the frequency with which litigation occurs in similar circumstances," and — especially if the corporation has already been held liable for injuries based on the same product defect — "the extent to which fault for the injury is clear." <u>Phillips</u>, 297 Ga. at 397. Likewise, a plaintiff debt collection company might well be found to reasonably anticipate litigation earlier than an individual defendant who has never fallen behind on a debt or been involved with such litigation. See <u>Rimkus</u>

12

Consulting Group, Inc. v. Cammarata, 688 FSupp.2d 598, 613 (S.D. Tex. 2010) (explaining that the determination of whether litigation was reasonably foreseeable to an accused spoliator "depends heavily on the facts and circumstances of each case and cannot be reduced to a generalized checklist of what is acceptable or unacceptable").

(d)     What a person or organization should reasonably understand or do in particular circumstances may not be an entirely precise standard, but it is one used throughout American law.  It is important, as the Court of Appeals noted, for reviewing courts to make every effort to eliminate the "'distorting effects of hindsight'" in evaluating  whether the accused party reasonably should have anticipated litigation from the party's perspective at the time the evidence in question was lost or destroyed.  Cooper Tire, 339 Ga. App. at 362 n.3 (quoting Forshee v. Employers Mut. Cas. Co., 309 Ga. App. 621, 624 n. 2 (711 SE2d 28) (2011) (Blackwell, J.)).

It also should be recognized that the most severe sanctions for spoliation are reserved for "'exceptional cases,'" generally only those in which the party lost or destroyed material evidence intentionally in bad faith and thereby prejudiced the opposing party in an uncurable way.  See Phillips, 297 Ga. at 398

(citation omitted). The loss of relevant evidence due to mere negligence — including negligence in determining when the duty to preserve evidence arose — normally should result in lesser sanctions, if any at all. See, e.g., R & R Insulation Svcs., Inc. v. Royal Indem. Co., 307 Ga. App. 419, 437-439 (705 SE2d 223) (2010) (finding no abuse of discretion where the trial court denied the defendants' motion to dismiss due to spoliation because the plaintiff's destruction of equipment at the scene of the fire was not malicious); Bagnell v. Ford Motor Co., 297 Ga. App. 835, 840 (678 SE2d 489) (2009) (finding no abuse of discretion where the trial court declined to impose spoliation sanctions after concluding in part that the plaintiff's failure to preserve the van involved in the wreck "resulted from negligence, rather than bad faith").

We see no indication that the Court of Appeals or the trial court misunderstood these points, although those courts may not have expressed them exactly or as extensively as we have.

3. We also see no error in the Court of Appeals' upholding the trial court's ruling that the Plaintiff did not yet have a duty to preserve evidence at the time Mr. Koch's vehicle and the remaining tires — which everyone agrees would be relevant evidence in this litigation — were destroyed by the Wrecker

14

Service.[5]   As the Court of Appeals recognized, "[a] trial court has wide discretion in resolving spoliation issues, and 'such discretion will not be disturbed absent abuse.'"   Cooper Tire, 339 Ga. App. at 359 (quoting Phillips, 297 Ga. at 397).   But the way in which Cooper Tire raised and the trial court resolved the spoliation claim against Plaintiff is also important to the review of this issue.   Cooper Tire filed a pretrial motion to dismiss the complaint or impose other sanctions for spoliation, but did not request an evidentiary hearing on the motion.   In resolving the motion, the trial court, without objection, considered matters outside the pleadings, including witness affidavits and depositions, but did not hold an evidentiary hearing at which the court could decide the credibility of those witnesses.   Cf. OCGA § 9-11-12 (b),  (d); Johnson v. RLI Ins. Co., 288 Ga. 309, 309 (704 SE2d 173) (2010); Ga. Power Co. v. Harrison, 253 Ga. 212, 214-215 (318 SE2d 306) (1984).   Thus, under the circumstances presented here, the motion is properly reviewed under the standard applicable to a motion for summary judgment, and as the party opposing the motion, Plaintiff is "entitled to

---

[5] In this case and others involving a key piece of tangible evidence that was lost, the relevance of the lost evidence to the lawsuit that ultimately was filed may be obvious.   In other cases, however, especially those involving extensive amounts of electronically stored information, the scope of the evidence the party reasonably should have understood to be relevant and the steps the party reasonably needed to take to preserve that evidence may be difficult and disputed issues.   See generally 2015 Advisory Committee Note.

15

have the evidence in the record viewed in the light most favorable to [her] and to have all reasonable inferences from the evidence drawn in [her] favor." McBee v. Aspire at W. Midtown Apartments, L.P., 302 Ga. 662, 663 (807 SE2d 455) (2017).

Applying that standard, it is easy to determine that Plaintiff did not *actually* contemplate litigation at the time the evidence at issue was destroyed: she said as much in her deposition, that testimony must be credited in the current procedural posture, and there is no evidence to the contrary. The question of whether Plaintiff *reasonably* should have anticipated litigation over her husband's single-vehicle crash is closer because of his statements to her, when he regained consciousness in the hospital a couple of days after the crash, that the accident occurred after "the tire blew" and that she should tell the Wrecker Service to "save the tires" or "save the tire." Such statements might heighten the reasonableness of anticipating litigation if made by or to a tire manufacturer accustomed to product liability litigation after one-vehicle crashes in which its tires blew and severe injuries resulted. But they would not necessarily do so for an individual with no apparent previous experience with litigation.

As the trial court explained, Plaintiff's husband did not give a reason for

16

his request that she save the tires, much less suggest that she should do so because the tire had a design or manufacturing defect that could lead to litigation against its manufacturer. It would not be unreasonable to infer that he may just have wanted to examine the tire to see if he could tell what happened after he recovered his health; at the time, he and Plaintiff expected that he would recover. See Phillips, 297 Ga. at 397 n.9 (noting that the duty to preserve "does not arise *merely* because the [party] investigated the incident, because there may be many reasons to investigate incidents causing injuries" (emphasis in original)). Moreover, Plaintiff had legitimate reasons not to preserve the vehicle and the other tires — the vehicle was totaled, there was no collision insurance on it, she could not afford to pay the storage costs for it, and her focus at the time was on her husband's well-being in the hospital.

At the time the evidence was lost, Plaintiff was not investigating the crash, counsel had not been notified, and neither Plaintiff nor her husband had expressed that anyone was acting in anticipation of litigation. See Phillips, 297 Ga. at 397. There is no evidence that Plaintiff or anyone else examined the vehicle before it was destroyed and kept only the one tire because it would aid her case, nor is there evidence that she or anyone else paid any attention to the saved tire for

17

weeks after the rest of the vehicle was destroyed. It appears that litigation came into the picture many weeks after Mr. Koch's statements, after he died and his daughter apparently raised the issue of hiring an attorney. Indeed, it appears from the current record that when Mr. Koch's daughter contacted the attorney in Missouri, he took steps to preserve the evidence, only to find that everything but the one tire had been destroyed.

The trial court viewed the record in the light most favorable to Plaintiff and made inferences in her favor, viewed the circumstances from her perspective at the time the evidence at issue was destroyed, and concluded that she did not actually contemplate and should not reasonably have contemplated litigation at that time; accordingly, the trial court ruled that she had no duty to preserve the lost evidence and denied the spoliation motion. Like the Court of Appeals, we see no error of law or abuse of discretion in the trial court's judgment. See Cooper Tire, 339 Ga. App. at 362-363.

This case is similar to Punch v. Dollar Tree Stores, Inc., No. CV 12-154, 2017 WL 752396 (W.D. Pa. Feb. 17, 2017), report and recommendation adopted, No. CV 12-154E, 2017 WL 1159735 (W.D. Pa. Mar. 29, 2017). There, the plaintiff parents disposed of the battery-lighted tweezers that they later claimed

18

were defective and had injured their infant son, and the defendants sought dismissal of the lawsuit based on spoliation. See id. The trial court concluded that litigation was not reasonably foreseeable to the plaintiffs at the time the evidence was lost, and thus no duty to preserve the product had been triggered at the time it was destroyed, based on circumstances which included that the father threw away the tweezers a couple days after their son was admitted to the hospital, before the full extent of his injuries was known and while the father was focused more on the health of his injured child and other children than potential litigation; that the father, who was a layperson, testified that he was not considering the possibility of a lawsuit at the time; and that the plaintiffs did not contact an attorney until two months after the injury. See id. The cases on which Cooper Tire relies are distinguishable. In those cases, the plaintiff had contacted an attorney, and in many cases had taken other steps toward litigation, before allowing key evidence to be destroyed, facts that suggested actual as well as constructive contemplation of litigation. See, e.g., Bridgestone/Firestone North American Tire v. Campbell, 258 Ga. App. 767, 767 (574 SE2d 923) (2002) (holding that the plaintiff's destruction of the wrecked vehicle and tires after he contacted an attorney, took pictures of the car and tires, and had the tires

19

examined by a forensic tire engineer amounted to spoliation); <u>Flury v. Daimler Chrysler Corp.</u>, 427 F3d 939, 941 (11th Cir. 2005) (holding that the plaintiff spoliated evidence by failing to preserve the wrecked vehicle after his attorney had notified the defendant of the accident and ignored the defendant's request to inspect the vehicle); <u>Silvestri</u>, 271 F3d at 586 (holding that the plaintiff spoliated evidence by failing to preserve the wrecked vehicle after hiring an attorney and accident reconstructionists); <u>Sylla-Sawdon v. Uniroyal Goodrich Tire Co.</u>, 47 F3d 277, 281 (8th Cir. 1995) (holding that a spoliation sanction was proper where the plaintiff destroyed the wrecked vehicle after her counsel inspected it). Such facts are entirely absent in this case.

Cooper Tire complains that upholding the trial court's judgment will prejudice its ability to defend against Plaintiff's claims. That may be, given the type of evidence lost in this case. But the loss of that evidence will likely prejudice Plaintiff's case at least as much, because she bears the burden of proving — without the vehicle, the other tires, or even the tread from the tire that was saved — that the tire in question was defective and that any such defect was the proximate cause of the crash and Mr. Koch's injuries. See Bridgestone, 258 Ga. App. at 771 (noting that the plaintiff was also hampered by his loss of key

20

evidence). See also *Firestone Tire & Rubber Co. v. Jackson Transp. Co.*, 126 Ga. App. 471, 475 (191 SE2d 110) (1972) ("'The mere fact of a tire blowout does not demonstrate the manufacturer's negligence, nor tend to establish that the tire was defective. Blowouts can be attributed to myriad causes, including not only the care with which the tires are maintained, but the conditions of the roads over which they are driven and the happenstance striking of damaging objects.'" (citation omitted)).

Indeed, the fact that lost evidence is often equally or even more important to the case of the party that controlled it is why factfinders should not readily presume that lost evidence was favorable to the opposing party absent a showing that the evidence was lost intentionally to deprive the other party of its use in litigation.[6] Furthermore, as the Court of Appeals noted at the end of its opinion, the fact that no sanctions are imposed for spoliation does not mean that Cooper

---

[6] As the Advisory Committee on the Federal Rules of Civil Procedure has explained:

Adverse-inference instructions were developed on the premise that a party's intentional loss or destruction of evidence to prevent its use in litigation gives rise to a reasonable inference that the evidence was unfavorable to the party responsible for loss or destruction of the evidence. Negligent or even grossly negligent behavior does not logically support that inference. Information lost through negligence may have been favorable to either party, including the party that lost it, and inferring that it was unfavorable to that party may tip the balance at trial in ways the lost information never would have.

2015 Advisory Committee Note.

Tire cannot present, as part of its defense, "the circumstances under which the tire was saved and the remainder of the vehicle was destroyed." Cooper Tire, 339 Ga. App. at 363 n.4. And finally, we note that spoliation can be an issue that develops as a case progresses. If additional evidence emerges regarding the circumstances under which Mr. Koch's vehicle was destroyed, or if the court has the opportunity at trial or otherwise to evaluate the credibility of the pertinent witnesses, Cooper Tire might renew its spoliation motion. Phillips, 297 Ga. at 398 ("Although the spoliation issue may recur upon any retrial of the present case, the evidence presented on this issue may be different, and the trial court will have to exercise its discretion based on the evidence presented to it, guided by the discussion in this opinion."). We of course express no opinion on the result if that occurs.

Judgment affirmed. All the Justices concur.

Decided March 15, 2018.

Certiorari to the Court of Appeals of Georgia — 339 Ga. App. 357.

Holland & Knight, Laurie W. Daniel; Bradley Arant Boult Cummings, Reed T. Warburton, Scott B. Smith; Nall & Miller, George R. Neuhauser, for appellant.

Katherine L. McArthur, Caleb F. Walker, Laura K. Hinson Penn; Tracey L. Dellacona, for appellees.

Burr & Forman, Ashby K. Fox, Forrest S. Latta, Louis G. Fiorilla; Alston & Bird, Brian D. Boone; Shook, Hardy & Bacon, Leonard Searcy II, Philip S. Goldberg, amici curiae.