NAHMIAS, Justice.
This Court granted a writ of certiorari to determine whether the Court of Appeals in Cooper Tire & Rubber Company v. Koch, 339 Ga. App. 357, 793 S.E.2d 564 (2016), properly articulated the legal standard for when a plaintiff's duty to preserve evidence begins and properly applied that standard to the facts of this case. Like a defendant's duty, a plaintiff's duty to preserve relevant *259 evidence in her control arises when that party actually anticipates or reasonably should anticipate litigation. Because the Court of Appeals appropriately identified and applied this standard, as did the trial court, we affirm.
1. As summarized by the Court of Appeals:
The facts pertinent to this appeal are largely undisputed. On April 24, 2012, [Plaintiff Renee Koch's husband, 69-year-old Gerald Koch,] was driving eastbound on Interstate 16 in his 2001 Ford Explorer when the tread on his left rear tire detached. According to the State of Georgia Traffic Crash Report, the Explorer then swerved out of control and traveled approximately 79 feet before striking a guardrail. The vehicle continued to travel in an easterly direction for approximately 134 feet, overturning several times before coming to an "uncontrolled" final rest in the eastbound ditch facing west.
Mr. Koch suffered serious injuries in the accident and was transported by emergency vehicle to the Medical Center of Central Georgia.... He was immediately taken to surgery and then to the intensive care unit, where he remained uncommunicative for several days. However, Mr. Koch eventually regained consciousness and was able to talk to his wife about the accident, telling her that the accident occurred when the "tire blew and the car flipped and rolled three or four times." Unfortunately, Mr. Koch was unable to recover from his extensive injuries, and he died on June 3, 2012 without ever having left the intensive care unit of the hospital.
The Ford Explorer was towed from the accident scene by Brown's Wrecker Service ("Wrecker Service"), where it was placed in a storage yard. Sometime after the accident but before Mr. Koch died, Plaintiff talked to the owner of the Wrecker Service, Edwin Brown, who explained to her that she was being charged a daily storage fee for the vehicle. Plaintiff told Brown she could not afford to pay the storage costs, and he told her that he would not bill her for storage costs if she would transfer the title to him so he could sell the vehicle to a salvage yard where it would be crushed for scrap. Plaintiff said that she did not see any reason to keep the vehicle since it was totaled, so she agreed to transfer the title instead of paying for the vehicle to be stored. However, at some point prior to transferring the title, Plaintiff talked it over with her husband, who told her to tell the Wrecker Service to "save the tires."[1] After instructing Brown to save the left rear tire, Plaintiff relinquished control of the vehicle. Brown then stored the tire,[2] and the vehicle and companion tires were crushed for scrap.
Several weeks after Mr. Koch died, his daughter contacted an attorney in her home state of Missouri. The Missouri attorney contacted the Wrecker Service concerning the preservation of the tire and also recommended the daughter contact an attorney in Georgia. Shortly thereafter, Plaintiff retained Georgia counsel, and her attorney retrieved the tire from the Wrecker Service on or about September 26, 2012.
Cooper Tire, 339 Ga. App. at 357-358, 793 S.E.2d 564 (footnotes in original).
In March 2014, Plaintiff filed a product liability complaint for damages against Cooper Tire & Rubber Co. and two other defendants in her individual capacity and as administrator of her deceased husband's estate.[3] According to the complaint, the 2006 Cooper Tire Mastercraft Courser HTR tire mounted on the left rear wheel of the Explorer that Mr. Koch was driving suffered a catastrophic tread separation, causing the vehicle to swerve out of control, overturn *260 multiple times, and leave the roadway. The complaint included counts against Cooper Tire for negligent design and manufacture, strict liability, and failure to warn. Cooper Tire filed an answer which noted that the company "reserve[d] the right to plead spoliation of critical evidence." Extensive discovery ensued, including depositions of Plaintiff and others.
In June 2015, Cooper Tire filed a motion to dismiss the complaint or impose other sanctions for spoliation. On August 27, 2015, the trial court heard arguments on the motion, and on September 9, 2015, the court entered an order denying the motion. The order concluded that:
The cases on which Cooper Tire relies are distinguishable. In those cases, the plaintiff had contacted an attorney, and in many cases had taken other steps toward litigation, before allowing key evidence to be destroyed, facts that suggested actual as well as constructive contemplation of litigation. See, e.g., Bridgestone/Firestone N. Am. Tire, LLC v. Campbell, 258 Ga. App. 767, 767, 574 S.E.2d 923 (2002) (holding that the plaintiff's destruction of the wrecked vehicle and tires after he contacted an attorney, took pictures of the car and tires, and had the tires examined by a forensic tire engineer amounted to spoliation); Flury v. Daimler Chrysler Corp., 427 F.3d 939, 941 (11th Cir. 2005) (holding that the plaintiff spoliated evidence by failing to preserve the wrecked vehicle after his attorney had notified the defendant of the accident and ignored the defendant's request to inspect the vehicle); Silvestri, 271 F.3d at 586 (holding that the plaintiff spoliated evidence by failing to preserve the wrecked vehicle after hiring an attorney and accident reconstructionists); Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 281 (8th Cir. 1995) (holding that a spoliation sanction was proper where the plaintiff destroyed the wrecked vehicle after her counsel inspected it). Such facts are entirely absent in this case.
Cooper Tire complains that upholding the trial court's judgment will prejudice its ability to defend against Plaintiff's claims. That may be, given the type of evidence lost in this case. But the loss of that evidence will likely prejudice Plaintiff's case at least as much, because she bears the burden of proving-without the vehicle, the other tires, or even the tread from the tire that was saved-that the tire in question was defective and that any such defect was the proximate cause of the crash and Mr. Koch's injuries. See Bridgestone, 258 Ga. App. at 771, 574 S.E.2d 923 (noting that the plaintiff was also hampered by his loss of key evidence). See also Firestone Tire & Rubber Co. v. Jackson Transp. Co., 126 Ga. App. 471, 475, 191 S.E.2d 110 (1972) (" 'The mere fact of a tire blowout does not demonstrate the manufacturer's negligence, nor tend to establish that the tire was defective. Blowouts can be attributed to myriad causes, including not only the care with which the tires are maintained, but the conditions of the roads over which they are driven and the happenstance striking of damaging objects.' " (citation omitted) ).
Indeed, the fact that lost evidence is often equally or even more important to the case of the party that controlled it is why fact-finders should not readily presume that lost evidence was favorable to the opposing party absent a showing that the evidence was lost intentionally to deprive the other party of its use in litigation.[6] Furthermore, as the Court of Appeals noted at the *266 end of its opinion, the fact that no sanctions are imposed for spoliation does not mean that Cooper Tire cannot present, as part of its defense, "the circumstances under which the tire was saved and the remainder of the vehicle was destroyed." Cooper Tire, 339 Ga. App. at 363 n.4, 793 S.E.2d 564. And finally, we note that spoliation can be an issue that develops as a case progresses. If additional evidence emerges regarding the circumstances under which Mr. Koch's vehicle was destroyed, or if the court has the opportunity at trial or otherwise to evaluate the credibility of the pertinent witnesses, Cooper Tire might renew its spoliation motion. Phillips, 297 Ga. at 398, 774 S.E.2d 596 ("Although the spoliation issue may recur upon any retrial of the present case, the evidence presented on this issue may be different, and the trial court will have to exercise its discretion based on the evidence presented to it, guided by the discussion in this opinion."). We of course express no opinion on the result if that occurs.
Judgment affirmed.
All the Justices concur.

There is some question in this case concerning whether Mr. Koch directed Plaintiff to save the "tire" or the "tires."

The record suggests that the tread was never recovered from the accident scene. In any event, basically all that was saved from the vehicle was the sidewall portion of the tire that attaches to the rim.

The complaint also named as defendants the National Automotive Parts Association, Inc. and the garage that sold the tire to Plaintiff's husband and installed it. These defendants were not involved in the spoliation litigation in the trial court and have not filed anything on appeal or certiorari.

As the Advisory Committee on the Federal Rules of Civil Procedure has explained:
Adverse-inference instructions were developed on the premise that a party's intentional loss or destruction of evidence to prevent its use in litigation gives rise to a reasonable inference that the evidence was unfavorable to the party responsible for loss or destruction of the evidence. Negligent or even grossly negligent behavior does not logically support that inference. Information lost through negligence may have been favorable to either party, including the party that lost it, and inferring that it was unfavorable to that party may tip the balance at trial in ways the lost information never would have.
2015 Advisory Committee Note.